645 A.2d 447

**BLAST INTERMEDIATE UNIT # 17, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 3, 1993.

Decided July 6, 1994.

Patricia L. Bowman, for petitioner.

Norina K.S. Stone, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG, President Judge, and KELLEY, J., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

Blast Intermediate Unit # 17 (Employer) appeals from an order of the Unemployment Compensation Board of Review which affirmed a referee's decision dismissing as untimely Employer's appeal from the award of unemployment compensation benefits to Florence C. Miller (Claimant).

By letter dated October 30, 1992, Claimant notified Employer of her intention to resign her employment effective November 10, 1992. Thereafter, Claimant applied for unemployment compensation benefits, alleging that she resigned her employment for health reasons. By notice of determination mailed December 31, 1992, Claimant's application for benefits was approved by the Bureau of Unemployment Compensation Benefits and Allowances (Bureau). The Bureau found that Claimant stopped working for medical reasons and that this constituted cause of a necessitous and compelling nature for leaving work. The Bureau also noted that no response was received from Employer. The notice provided that the last day to file an appeal from the determination was January 15, 1993.

On February 22, 1993, Employer filed an untimely appeal. On March 11, 1993, a telephone hearing was held before a referee limited to the issue of the timeliness of Employer's appeal. Employer presented the testimony of Louise Salvano, a payroll clerk and Charles Reicherter, Employer's assistant executive director.

Salvano testified that mail sent to Employer is received in a central office by a receptionist who date-stamps it and then distributes it. She further testified that she is familiar with unemployment compensation forms; that she receives all unemployment compensation forms sent to Employer; that she is the sole custodian of all unemployment compensation forms; and, that she is the only individual that completes unemployment compensation forms for Employer. Salvano testified that when she receives a notice that a former employee who has resigned or was discharged has applied for unemployment compensation benefits, she brings that form to Reicherter. Salvano further testified that she did not receive a form entitled "Notice of Application for Benefits" nor did she receive a notice of determination awarding benefits to Claimant. Salvano testified that she first became aware that Claimant was receiving benefits when she reviewed a quarterly report for the last quarter of 1992 which indicated that Claimant was receiving benefits.

Reicherter testified as to the general procedures used in handling unemployment compensation claims. Reicherter testified that Salvano brings forms to him if she has any questions regarding the information to be submitted on the form. Reicherter testified that in most cases, Salvano notifies him that a former employee has applied for unemployment compensation and the information is then placed in a folder. Reicherter testified that when a notice of determination is received, Salvano always gives it to him. If a person is granted benefits and Reicherter thinks there are extenuating circumstances, an appeal is filed.

Reicherter testified that his office never received any unemployment compensation forms regarding Claimant. Reicherter testified that he first became aware that Claimant was receiving benefits in early February when Salvano received the fourth quarter report from the Department of Labor and Industry and saw Claimant's name on the list as receiving benefits.

On March 24, 1993, the referee issued a decision dismissing Employer's appeal. Employer then appealed to the Board

which affirmed the referee. The Board found that the Bureau issued a determination on December 31, 1992 granting benefits to Claimant; that a copy of the determination was mailed to Employer at its last known post office address on the same date; that the notice informed Employer that January 15, 1993 was the last day on which to file an appeal from the determination; that Employer did not file an appeal on or before January 15, 1993 but waited until February 17, 1993 to file; and that Employer was not misinformed or misled by the local office concerning its right to appeal. The Board concluded that the referee and the Board could not allow an appeal to be filed after the expiration of the statutory appeal period. Appeal to this Court followed.[1]

On appeal, Employer argues that the Board erred in the following areas: (1) in finding that Employer received proper notice that January 15, 1993 was the last day to file an appeal; (2) in finding that Employer was not misinformed or misled by the Bureau concerning its right to appeal; (3) in failing to permit testimony on the merits of the case since it directly supports Employer's claim of lack of proper notification; (4) in finding that the record was complete and accurate; and (5) in failing to remand the case for a hearing in person to decide the credibility issue of proper notification.

Section 501(e) of the Unemployment Compensation Law (Law)[2] provides, *inter alia*, that a party must appeal a determination within fifteen calendar says after such notice was delivered to that party personally or was mailed to his or her address. *United States Postal Service v. Unemployment Compensation Board of Review*, 152 Pa.Commonwealth Ct. 603, 620 A.2d 572 (1993). It is well settled that the statutory time limit for filing an appeal is mandatory in the absence of fraud or manifestly wrongful or negligent conduct of the

---

1. Our scope of review is limited to determining whether there has been a constitutional violation or an error of law or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

administrative authorities. *Polakovic v. Unemployment Compensation Board of Review*, 109 Pa.Commonwealth Ct. 647, 531 A.2d 852 (1987). Appellants carry a heavy burden to justify an untimely appeal. *First National Bank of Bath v. Unemployment Compensation Board of Review*, 152 Pa.Commonwealth Ct. 6, 619 A.2d 801 (1992); *Staten v. Unemployment Compensation Board of Review*, 88 Pa.Commonwealth Ct. 297, 488 A.2d 1207 (1985).

█ In the case before us, Employer argues that the presumption, that notices are timely received if mailed to the proper address and not returned by the postal authorities as undeliverable, is a rebuttable presumption. Employer argues that the testimony of its payroll clerk and its assistant executive director is sufficient to rebut the presumption of receipt. The Board, on the other hand, relies on the presumption of receipt and the presumption of the regularity of the acts of public officials. The Board argues that under these presumptions, Employer received timely notice of the running of the appeal period.

In order to resolve this difference, we must analyze these two presumptions separately. The presumption of regularity of the acts of public officials is being used here to prove that the notice of determination by the Bureau was in fact mailed on December 31, 1992, as the Board contends. Then, according to the Board, the proof of receipt is established by the second presumption that a properly mailed letter to the last known address of Employer and not returned undelivered by the postal authorities was timely received by the addressee.

The applicability of this second presumption depends on the validity of the first. As we said in *Leight v. Unemployment Compensation Board of Review*, 49 Pa.Commonwealth Ct. 312, 410 A.2d 1307 (1980), the presumption of receipt is "inapplicable" in the absence of proof that the notice was mailed. "[U]ntil there is proof that a letter was mailed, there can be no presumption that it was received." *Id.* at 315, 410 A.2d at 1309.

The Board contends that the first presumption proves that the notice was mailed. This is where the Board's error lies. In *Mileski v. Unemployment Compensation Board of Review,* 32 Pa.Commonwealth Ct. 334, 379 A.2d 643 (1977), this Court stated that "the mere existence of a rule requiring an act to be performed by a public official" is not sufficient "to raise a presumption that the act was in fact performed," i.e., the mailing of the notice. *Id.* at 338, 379 A.2d at 645. The presumption only comes into play when there is on record "some other indication that the act in question had been performed," such as "a notation to that effect made by a local bureau official" that the letter had been deposited in the mail. *Id.*

As in *Mileski,* there is no such evidence in our case to make the presumption of regularity applicable. Therefore we can only conclude that without the presumption of regularity, the presumption of receipt of notice by mail is inapplicable. As we concluded in *Mileski,* "we cannot assume on the basis of a silent record that the fundamental statutory and constitutional prerequisites of notice and opportunity to be heard have been met." *Id.*

Because there is no substantial evidence to support the Board's finding that a copy of the notice of determination was sent to Employer, we will reverse the order of the Board and remand the case for a determination of Claimant's eligibility.

## ORDER

AND NOW, this 6th day of July, 1994, the order of the Unemployment Compensation Board of Review, Decision No. B–313163, dated June 10, 1993, is reversed and this case is remanded to the Board for a determination of eligibility of Florence C. Miller for unemployment compensation benefits.

Jurisdiction relinquished.