# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonio Williams,                             :
                  Petitioner     :
                                                :
                                                :
          v.                                 :   No. 774 C.D. 2016
                                                :   No. 775 C.D. 2016
Unemployment Compensation              :   No. 776 C.D. 2016
Board of Review,                              :   Submitted: November 10, 2016
                 Respondent     :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**             **FILED: April 11, 2017**

Antonio Williams (Claimant) petitions, *pro se*, for review of three separate orders of the Unemployment Compensation Board of Review (Board), which affirmed decisions by an unemployment compensation referee (Referee) dismissing Claimant's appeals as untimely. For the reasons that follow, we affirm the Board's orders.

On June 26, 2011, and March 31, 2013, Claimant filed applications for unemployment compensation benefits and began receiving benefits. Thereafter, the Department of Labor and Industry, Bureau of Unemployment Compensation Benefits and Allowances (the Department), issued nine notices of determination, wherein the Department determined that Claimant failed to report earnings and imposed fault overpayments, penalty weeks, and a fifteen percent penalty. Those notices are the subject of the three appeals to this Court. Six of the

notices relate to Claimant's application for benefits filed on June 26, 2011. The Department issued four of those six notices of determination on January 6, 2016, and the notices identified January 21, 2016, as the final day to appeal. The Department issued two more notices related to that application for benefits—the fifth and sixth notices—on January 7, 2016, and the notices identified a final appeal date of January 22, 2016. The other three notices of benefits—the seventh, eighth, and ninth notices—related to Claimant's application for benefits filed on March 31, 2013. The seventh notice was issued on January 7, 2016, and identified the final day to appeal as January 22, 2016. The eighth and ninth notices were issued on January 8, 2016, and identified January 25, 2016, as the final day to file a timely appeal.[1]

Claimant appealed the Department's determinations by faxed appeal forms sent on January 28, 2016. The appeals were assigned to the Referee, who conducted a hearing on February 26, 2016.[2] Claimant and Employer both participated in the hearing. At the hearing, Claimant testified that he received the notices of determination and had read and understood the notices. (Certified

---

[1] The various notices recited Claimant's weekly benefit rate and partial benefit credit for various weeks and found that Claimant had unreported earnings during weeks in which he received workers' compensation benefits. Through the notices, the Department disapproved benefits for specific waiting and claim weeks, *see* Section 401(e)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(e)(1); imposed fault overpayments under Section 804(a) of the Law, *as amended*, 43 P.S. § 874(a); and imposed penalty weeks and a fifteen percent penalty under Sections 801(b) and (c) of the Law, *as amended*, 43 P.S. §§ 871(b) and (c).

[2] Claimant initially filed three separate appeals from the Department's notices. The Referee considered all three appeals at the February 26, 2016 hearing. This Court consolidated these matters by order dated June 16, 2016.

Record (C.R.), Item No. 9 at 6.) He further testified that he was aware of the deadlines for filing appeals listed on the notices. Claimant stated that, on January 27, 2016, he called the telephone number of the Harrisburg Overflow Unemployment Compensation Service Center (Service Center) listed on the notices and a representative gave him information as to what he needed to do in order to file an appeal. (*Id.* at 6-7.) He then filed his appeals. (*Id.* at 7-8.) Claimant stated that he delayed in calling the Service Center because he did not fully understand the appeal process and was having difficulty obtaining documents he believed were relevant to the appeal. (*Id.* at 8.) Following Claimant's testimony, the Referee concluded the hearing.

By three separate decisions mailed on February 26, 2016, the Referee dismissed Claimant's appeals as untimely pursuant to Section 501(e) of the Law.[3] (C.R., Item No. 10.) In each decision, the Referee found that the notices had been mailed to Claimant's last known mailing address, were not returned by postal authorities as undeliverable, and advised Claimant that he had fifteen days to file an appeal. In all instances, Claimant filed his appeals late. Furthermore, the Referee found nothing in the record to indicate that the late filings were caused by fraud or its equivalent by administrative authorities, by a breakdown in the

---

[3] Act of December 5, 1936, Second Ex. Sess., P.L. 2897, *as amended*, 43 P.S. § 821(e). Section 501(e) of the Law provides:

> Unless the claimant . . . files an appeal with the board, from the determination contained in any notice required to be furnished by the department . . . within fifteen calendar days after such notice . . . was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

appellate system, or by non-negligent conduct. Claimant subsequently appealed the Referee's dismissals to the Board.

By three separate orders dated April 4, 2016,[4] the Board adopted the Referee's findings and conclusions in full, and, thus, affirmed the Referee's decisions dismissing Claimant's appeals as untimely. Claimant then petitioned this Court for review of the Board's orders.

On appeal,[5] Claimant essentially argues that the Board erred as a matter of law when it concluded that Claimant's appeals were untimely or, in the alternative, that Claimant's untimely filing was excused because the Referee did not provide him with an opportunity to explain his reasons for filing late. Claimant also argues that the Referee deprived him of due process by failing to assist him in the presentation of his claim.

Section 501(e) of the Law provides that unless a claimant files an appeal with respect to a notice of determination within fifteen calendar days after it was mailed to his last known post office address, such determination will be final and compensation shall be paid or denied in accordance therewith. The fifteen-day time limit is mandatory and subject to strict application. *Renda v. Unemployment Comp. Bd. of Review*, 837 A.2d 685, 695 (Pa. Cmwlth. 2003), *appeal denied*, 863 A.2d 1151 (Pa. 2004). Failure to timely appeal an administrative agency's action is a jurisdictional defect, and the time for taking an appeal cannot be extended as a matter of grace or mere indulgence. *Sofronski v. Civil Serv..*

---

[4] Appeal Nos. B-16-09-I-0320, B-16-09-I-0321, and B-16-I-0325.

[5] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

4

*Comm'n, City of Philadelphia*, 695 A.2d 921, 924 (Pa. Cmwlth. 1997). Thus, a petitioner carries a heavy burden to justify an untimely appeal. *Blast Intermediate Unit #17 v. Unemployment Comp. Bd. of Review*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994). As a result, an appeal *nunc pro tunc* may be allowed only where the delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the petitioner, his counselor, or a third party. *Cook v. Unemployment Comp. Bd. of Review*, 671 A.2d 1130, 1131 (Pa. 1996).

We first address Claimant's argument that the Referee erred in concluding that his appeals were untimely. Initially, we note that Claimant does not challenge the Board's factual findings, and, therefore, they are binding on appeal. *Campbell v. Unemployment Comp. Bd. of Review*, 694 A.2d 1167, 1169 (Pa. Cmwlth. 1997). Claimant admits in his brief that "[w]ith much regret, I missed the deadline for filing with the Board by 7 days." (Claimant's Br. at 10.) Claimant also testified before the Referee that he was aware of the deadlines to file the appeals from the notices of determinations, which were listed on the notices, and failed to timely file the appeals. Thus, it is clear that Claimant's appeals from the Department's notices of determination were not timely filed and that the Referee did not err in concluding that the appeals were untimely pursuant to Section 501(e) of the Law.[6]

---

[6] In his brief, Claimant appears to misapprehend the distinctions between the Department's notices of determination, the Referee's decisions dismissing his appeals from the Department's notices of determination, and the Board's orders affirming the Referee's decisions. Claimant also appears to argue that he called the Board's offices on March 1, 2016, in order to ask how to properly appeal the Board's orders affirming the Referee's decisions. He states that he was misinformed by the Board and, thus, filed late appeals from the Board's orders. His **(Footnote continued on next page…)**

Claimant also argues that the Referee erred in failing to consider his excuses for why his appeals were untimely. In other words, Claimant contends that the Board erred in refusing to consider his appeals *nunc pro tunc*. At the February 26, 2016 hearing, the Referee asked Claimant to explain his late filings, to which he responded: "Because I wasn't really sure of what I needed to do and prior to calling the office, they just informed me to just fax over the information that I needed off the back of the page and that's what I did, I printed out all my information and I faxed over what I had." (C.R., Item No. 9 at 8.) At no point during the hearing did Claimant attempt to raise any additional justifications for his lateness, nor did he allude to any other reasons at that time. Claimant states in his brief that he believed that he had to submit all relevant documents at the time he filed his appeal and that he was unable to obtain all the relevant documents before the date he called the Service Center to inquire about how to file an appeal.

As stated above, Claimant bears a heavy burden to justify an untimely appeal. *Intermediate Unit #17*, 645 A.2d at 449. Claimant must demonstrate the late filings were caused by fraud or its equivalent by administrative authorities, by a breakdown in the appellate system, or by non-negligent conduct. *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). The only conduct Claimant has raised is his own failure to attempt to clarify the appeal procedure before the deadline to file the appeals had already passed. Such conduct

---

**(continued…)**

appeals of the Board's orders, however, were not untimely, and Employer does not argue that Claimant's appeals to this Court were untimely.

6

unequivocally fails to justify an untimely appeal. Thus, the Board did not err in refusing to consider Claimant's appeals *nunc pro tunc*.

Finally, Claimant argues that the Referee erred because "the Referee did not give [him] the opportunity to explain the full circumstances surrounding the filing of materials and did not provide him with the opportunity to request that the lateness be excused by an extension" and that the Referee "did not provide the procedural assistance in gathering and submitting documents that might be afforded another *pro se* claimant." (Claimant's Br. at 11.) To the extent that Claimant now tries to raise a due process claim, Claimant failed to raise such a claim on appeal to the Board, and the issue is waived on appeal to this Court. *See Schneider v. Unemployment Comp. Bd. of Review*, 523 A.2d 1202, 1204 (Pa. Cmwlth. 1987).

Even if Claimant had not waived any due process claim, his argument that the Referee failed to aid him in his presentation of his case is without merit. When an unrepresented claimant appears before an unemployment compensation referee, "the referee 'must act *reasonably* in assisting in the development of the necessary facts.'" *Hackler v. Unemployment Comp. Bd. of Review*, 24 A.3d 1112, 1115 (Pa. Cmwlth. 2011) (quoting *Bennett v. Unemployment Comp. Bd. of Review*, 445 A.2d 258, 260 (Pa. Cmwlth. 1982) (emphasis in original)). A referee, however, need not advise the claimant on legal theory or become an advocate on the claimant's behalf. *McFadden v. Unemployment Comp. Bd. of Review*, 806 A.2d 955, 958 (Pa. Cmwlth. 2002).

At the outset of the hearing, the Referee informed Claimant of his right to be represented by an attorney, to present evidence, to call witnesses, and to give testimony on his own behalf. (C.R., Item No. 9 at 2.) Claimant indicated that

7

he understood the rights as explained by the Referee. The Referee questioned Claimant regarding the timeliness of his appeals and any reasons for Claimant's lateness in filing the appeals. (*Id.* at 6-8.) Additionally, after Claimant had given testimony, Employer's attorney stated that he had no questions for Claimant on cross-examination. The Referee began to conclude the hearing, but heard Claimant speak out. The Referee stated "One second, [Counsel], [Claimant] has something to say." (*Id.* at 9.) At that point, Claimant began to argue why he believed the Referee should reverse or modify the Department's determinations. The Referee stated that he would not be hearing evidence on the merits of the case and concluded the hearing.

Clearly, the Referee fulfilled his duty to assist Claimant in eliciting relevant evidence to support his claim. The Referee questioned Claimant on when he faxed the appeal forms and asked if there was any reason that Claimant failed to timely file the appeals. Claimant stated that he was aware that he filed the appeals past the deadline and did not indicate that he had any reason for filing the appeals late other than the fact that he was unsure about how to proceed in the appeal process. The Referee adequately discharged his duty to assist Claimant in the presentation of evidence to support his claim, and, thus, Claimant was afforded all the process he was due and received a fair and impartial hearing.

Accordingly, the orders of the Board are affirmed.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonio Williams,                               :
                Petitioner          :
                                      :
                                      :
          v.                                    :   No. 774 C.D. 2016
                                        :   No. 775 C.D. 2016
Unemployment Compensation        :   No. 776 C.D. 2016
Board of Review,                           :
                Respondent        :

## **O R D E R**

AND NOW, this 11th day of April, 2017, the three orders of the Unemployment Compensation Board of Review, dated April 4, 2016, at Appeal Nos. B-16-09-I-0320, B-16-09-I-0321, and B-16-09-I-0325, are affirmed.

 

                                        _____
                                        P. KEVIN BROBSON, Judge