# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward John Salamon II, :
                        Petitioner :
                        :
       v. : No. 597 C.D. 2019
                        : Submitted: December 6, 2019
Unemployment Compensation :
Board of Review, :
                     Respondent :


BEFORE: HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**            **FILED: June 8, 2020**


       Petitioner Edward John Salamon II (Claimant), *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board). The Board affirmed a Referee's decision dismissing Claimant's appeal as untimely pursuant to Section 501(e) of the Unemployment Compensation Law (Law).[1] Also before this

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Section 501(e) of the Law provides:

> Unless the claimant . . . files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the [Department of Labor and Industry (Department)] . . . within fifteen calendar days after such notice . . . was mailed to his last known post office address, and applies for a hearing, such determination . . . shall be final and compensation shall be paid or denied in accordance therewith.

Court is the Board's Application for Summary Relief, asking this Court to affirm the Board's order because Claimant has waived any challenge to that order. For the reasons that follow, we grant the Board's Application for Summary Relief and affirm the Board's order.

Claimant worked as a pilot for US Airways, which merged with American Airlines (Employer) in 2015. (*See* Certified Record (C.R.), Item No. 2 at 5.) On September 15, 2018, Claimant was forced to retire after reaching the federally mandated pilot retirement age of 65. (C.R., Item No. 6 at 4.) Claimant was initially entitled to a pension through his employment with US Airways. As a result of US Airways' bankruptcies, however, the pension plan terminated. Claimant, therefore, received no pension from Employer upon his retirement. (C.R., Item No. 2 at 5.) After the loss of his pension, Claimant became eligible to receive retirement benefits through the Pension Benefit Guaranty Corporation (PBGC)[2] in the amount of $3,462.00 per month during retirement (Retirement Benefit). (*Id.*)

Upon retirement, Claimant also filed a claim for unemployment compensation benefits. (C.R., Item No. 6 at 4.) On October 24, 2018, the Duquesne UC Service Center (Service Center) issued a notice of determination (NOD), providing that, although Claimant is eligible for unemployment compensation benefits,[3] his weekly

---

[2] The PBGC is "a private governmental corporation modeled after the Federal Deposit Insurance Corporation and [is] charged statutorily with protecting and preserving private pension plans." *In Re CF & I Fabricators of Utah, Inc.*, 150 F.3d 1293, 1295 (10th Cir. 1998), *cert. denied*, 526 U.S. 1145 (1999). "When a pension plan goes bankrupt, the PBGC is charged to pick up the pieces and pay employees from the pension fund." *Bitonti v. Unemployment Comp. Bd. of Review*, 737 A.2d 1290, 1290 n.1 (Pa. Cmwlth. 1999).

[3] It appears that the Service Center determined Claimant's eligibility for benefits in a separate NOD (Initial NOD), also issued on October 24, 2018, that is not contained in the record in this matter. Claimant attached a copy of the Initial NOD to his Petition for Review (Petition).

benefit rate had been reduced to $0.00 after deduction of the Retirement Benefit, as required by Section 404(d)(2)(i) of the Law.[4] (C.R., Item No. 5.) The NOD stated that Claimant's last day to appeal was November 8, 2018. (*Id.*) Claimant did not file his appeal from the NOD until January 14, 2019. (C.R., Item No. 6 at 1.)

On February 4, 2019, a Referee conducted a hearing for the purpose of addressing both the timeliness and the merits of Claimant's appeal. (C.R., Item No. 8.) Employer did not appear for the hearing. (C.R., Item No. 9.) Claimant appeared *pro se* and testified on his own behalf. (*Id.*) He admitted that he initially accepted the NOD as binding and did not desire to file an appeal before the November 8, 2018 deadline. (*Id.* at 4, 6.) Claimant then explained that, several weeks after the statutory appeal period expired, he learned that other pilots in the same situation were receiving unemployment benefits with no deduction for PBGC retirement benefits. (*Id.* at 4-5.) Thereafter, on December 26, 2018, he called a representative of the Department's Office of UC Benefits, who instructed him to file a late appeal. (*Id.* at 3.) According to Claimant's testimony, he attempted to file a late appeal online shortly thereafter. (*Id.*) In support, Claimant introduced into the record a confirmation page, which actually shows that, on December 28, 2018, Claimant mistakenly refiled or reopened his application instead of filing an appeal of the NOD. (C.R., Item No. 6 at 8.) During the hearing, Claimant generally argued

_____

By order dated July 11, 2019, this Court struck the Initial NOD from the Petition and ordered that it not be considered as part of this appeal.

[4] 43 P.S. § 804(d)(2)(i). Section 404(d)(2)(i) of the Law provides:

> [F]or any week with respect to which an individual is receiving a pension . . . or any other similar periodic payment . . . , the weekly benefit amount payable to such individual for such week shall be reduced, but not below zero, by the pro-rated weekly amount of the pension . . . .

that his Retirement Benefit should not be deducted from his unemployment compensation benefits. (C.R., Item No. 9 at 6-8.)

By decision and order mailed February 5, 2019, the Referee dismissed Claimant's appeal as untimely. (C.R., Item No. 10.) Claimant appealed to the Board, which affirmed the Referee's decision. (C.R., Item No. 13.) In so doing, the Board issued the following findings of fact:

1. Effective September 16, 2018, [Claimant] applied for unemployment compensation benefits.

2. On October 24, 2018, the Department . . . issued a determination deducting [Claimant's] pension from his receipt of benefits.

3. [Claimant] received the determination, which notified him that November 8, 2018, was the final day to file a valid appeal to a [R]eferee.

4. [Claimant] did not appeal by November 8, 2018, because he accepted that he was ineligible for benefits.

5. In December 2018, [Claimant] learned of a former coworker who received benefits based on similar circumstances.

6. On December 26, 2018, [Claimant] spoke with a Department representative, who advised him he could file a late appeal from the determination.

7. On December 28, 2018, [Claimant] reopened his application for benefits, but did not file an appeal from the determination.

8. [Claimant's] appeal was filed on January 14, 2019.

(*Id.* at 1.)

4

The Board reasoned that because Section 501(e) of the Law provides that an NOD shall become final unless an appeal is filed within 15 days of its issuance, the Referee and the Board have no jurisdiction to consider an appeal that was filed after the expiration of the statutory appeal period. (*Id.* at 2.) The Board further explained:

> [Claimant] did not appeal by November 8, 2018, because he accepted that he was ineligible for benefits. When presented with different information, [Claimant] changed his mind and wanted to file an appeal. . . . [Claimant's] negligent failure to file a timely appeal does not warrant appealing later.

> Even if [Claimant] initially warranted an extension to appeal, he knew to appeal on December 26, 2018, but did not file an appeal until January 14, 2019. That [Claimant] mistakenly reopened his application for benefits, rather than file an appeal, is another instance of negligence on [Claimant's] part, which does not justify a late appeal.

(*Id.*) Finally, the Board noted that Claimant did not raise before the Referee (and, therefore, waived) the issue of whether the Department erred in issuing two NODs simultaneously. (*Id.*)

On appeal,[5] Claimant addresses only the merits of his appeal and does not address its timeliness. After Claimant filed his brief on appeal, the Board filed with this Court an Application for Summary Relief, to which Claimant filed no answer. The Board asserts that Claimant waived the issue of the timeliness of his appeal by failing to argue that his appeal was timely or that the Board abused its discretion in denying his late appeal. As a result, the Board claims that it is entitled to summary relief in its favor. By order dated October 9, 2019, this Court directed that the

---

[5] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

Application for Summary Relief be considered in conjunction with the merits of the petition.

Pursuant to Pennsylvania Rule of Appellate Procedure 1532(b), "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear." When considering a motion for summary relief, "[we] must view the evidence of record in the light most favorable to the non-moving party and may enter judgment only if: (1) there are no genuine issues as to any material facts, and (2) the right to relief is clear as a matter of law." *Nw. Youth Servs., Inc. v. Dep't of Pub. Welfare*, 1 A.3d 988, 990 n.1 (Pa. Cmwlth. 2010), *aff'd*, 66 A.3d 301 (Pa. 2013).

The 15-day time limit for appeals established in Section 501(e) of the Law is mandatory and subject to strict application. *Constantini v. Unemployment Comp. Bd. of Review*, 173 A.3d 838, 844 (Pa. Cmwlth. 2017); *Dumberth v. Unemployment Comp. Bd. of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003) (en banc). Failure to appeal timely an administrative agency's action is a jurisdictional defect, and the appeal period cannot be extended as a matter of grace or mere indulgence. *Sofronski v. Civil Serv. Comm'n, City of Phila.*, 695 A.2d 921, 924 (Pa. Cmwlth. 1997). Thus, a petitioner carries a heavy burden to justify an untimely appeal. *Blast Intermediate Unit #17 v. Unemployment Comp. Bd. of Review*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994). As a result, an appeal *nunc pro tunc* may be allowed where the delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the petitioner, his counsel, or a third party. *Cook v. Unemployment Comp. Bd. of Review*, 671 A.2d 1130, 1131 (Pa. 1996).

In his petition and his brief on appeal, Claimant presents no argument whatsoever regarding the timeliness of his appeal or his right to proceed with an appeal *nunc pro tunc*. Nor does Claimant contend that the Board erred or abused its discretion in dismissing his appeal based on its untimeliness. We conclude, therefore, that Claimant has waived these issues. *See Rapid Pallet v. Unemployment Comp. Bd. of Review*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998) (holding that failure to develop issue in appellate brief results in waiver). Because untimeliness was the only basis on which the Board dismissed Claimant's appeal, Claimant has failed to preserve any issue for this Court's review, and the Board's right to relief is clear. Accordingly, we grant the Board's Application for Summary Relief and affirm the Board's order.[6]

_____

P. KEVIN BROBSON, Judge

---

[6] We note that, even if Claimant had preserved the issue of timeliness on appeal, we would affirm the Board's order. The record, including Claimant's testimony, clearly establishes that Claimant failed to appeal the Referee's determination within the statutory time period. Moreover, Claimant's assertion that he discovered new information after the appeal deadline expired does not justify *nunc pro tunc* relief. Claimant did not misunderstand the availability or necessity of a timely appeal. *See Greene v. Unemployment Comp. Bd. of Review*, 157 A.3d 983, 992 (Pa. Cmwlth.), *appeal denied*, 175 A.3d 217 (Pa. 2017). Accordingly, the Board did not err or abuse its discretion in dismissing Claimant's appeal.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Edward John Salamon II,        :
                     Petitioner    :
                                  :
        v.                   :    No. 597 C.D. 2019
                                  :
Unemployment Compensation  :
Board of Review,              :
                    Respondent  :

# **O R D E R**

AND NOW, this 8th day of June, 2020, the Application for Summary Relief filed by the Unemployment Compensation Board of Review (Board) is hereby GRANTED, and the order of the Board is hereby AFFIRMED.

 

_____
P. KEVIN BROBSON, Judge