IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angie Rambo,                                  :
                    Petitioner               :
                                             :
        v.                                   :        No. 1640 C.D. 2023
                                             :        Submitted: December 9, 2024
Unemployment Compensation                    :
Board of Review,                             :
                    Respondent               :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge (P)
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                       FILED:  January 30, 2025


        Angie Rambo (Claimant), *pro se*, petitions for review of an adjudication
of the Unemployment Compensation Board of Review (Board) that dismissed her
appeal as untimely.  In doing so, the Board affirmed the Referee's decision that
Claimant's appeal of the UC Service Center's denial of Pandemic Unemployment
Assistance (PUA) benefits[1] had to be filed within the 21-day appeal period mandated
by law.  Claimant missed the deadline by one day.  After review, we affirm.

        On December 22, 2022, the UC Service Center denied Claimant's
request for PUA benefits for the stated reason that she was not attached to the
Pennsylvania labor market and, therefore, ineligible for PUA benefits under the

_____

[1] PUA "provides up to 79 weeks of benefits to qualifying individuals who are otherwise able to
work and available for work within the meaning of applicable state law, except that they are
unemployed, partially unemployed, or unable or unavailable to work due to COVID-19-related
reasons[.]"    Pennsylvania's    Pandemic    Unemployment    Assistance    Portal,
https://pua.benefits.uc.pa.gov/vosnet/Default.aspx (last visited January 30, 2025).

Coronavirus Aid, Relief and Economic Security (CARES) Act of 2020.[2]  The UC Service Center mailed its determination, which included instructions on how and when to file an appeal, to Claimant's last known home address.  The determination stated that the final date to appeal was 21 days later, *i.e.*, January 12, 2023.  Claimant appealed the determination by facsimile on January 13, 2023.

On May 11, 2023, a hearing was held before a Referee on the issue of the timeliness of Claimant's appeal.[3]  Claimant testified that she applied for PUA benefits in June 2020 by completing the application online.  Thereafter, she used the Unemployment Compensation (UC) portal to check her messages once a week.  She acknowledged receiving the UC Service Center determination of December 22, 2022, by mail but could not say when she received it.  Notes of Testimony, 5/11/2023, at 8 (N.T. __); C.R. 79.  She explained that her mail went to her mother's address, which was 147 Laurel Road in Boyertown, Pennsylvania, because her housing was "unstable," and "so it was [her] mailing address basically which is (what is) happening now also."  *Id*.  Her mother would give her the mail a couple of days after its delivery.

Before the Referee, Claimant testified that she was aware that the final date for an appeal was January 12, 2023.  She could not remember how she filed her appeal, whether online or in writing, but thought she had filed it "sometime in December."  N.T. 9; C.R. 80.  The Referee informed Claimant that it appeared that her appeal was faxed.  Claimant then corrected herself, confirming that she had faxed

---

[2] 15 U.S.C. §§9001-9141.

[3] The hearing involved multiple claims and/or appeal dockets which were consolidated for purposes of hearing.  Certified Record at 56 (C.R. __).  In addition to considering the timeliness of Claimant's appeal, the other issues to be decided were whether Claimant was eligible for PUA; whether Claimant was overpaid PUA benefits; and whether Claimant was overpaid Lost Wage Assistance.

her appeal. When she could not state an exact date because her sister "helped [her] with a lot of the stuff because of [her] health issues," the Referee stated that the fax transmittal showed a date of January 13, 2023. *Id*. Claimant agreed that was the day that she faxed her appeal.

When asked why she filed her appeal one day after the deadline, Claimant testified that she could not "give [] an answer. [She] was busy trying to get everything together, and [she was] also trying to get Social Security together." N.T. 10; C.R. 81. Claimant stated that she did her "best to get it in when it was supposed to be." *Id*.

As to the merits of her appeal, Claimant testified that she was advised to file for PUA because she was "having trouble getting work." N.T. 10; C.R. 81. After her employment at the Birdsboro Kosher Chicken Factory ended, she did "odd jobs" that did not pay enough to qualify her for state unemployment compensation benefits. *Id*. During the pandemic, she could not work at all. Claimant clarified that she voluntarily quit her job at the chicken factory in December 2019 because she lacked transportation. Since then, she has done cleaning jobs for family and friends to earn money.

Claimant testified that she received PUA benefits for the weeks ending March 7, 2020, through November 28, 2020. She also received Federal Pandemic Unemployment Compensation (FPUC)[4] for the weeks ending April 4, 2020, through

---

[4] FPUC provides an additional $600 weekly payment to individuals "who are collecting regular Unemployment Compensation . . . , as well as the following unemployment compensation programs: . . . Pandemic Unemployment Assistance (PUA)[.]" U.S. DEPARTMENT OF LABOR AND INDUSTRY, News Releases, https://www.dol.gov/newsroom/releases/eta/eta20200404 (last visited January 30, 2025).

July 25, 2020. Finally, she received Lost Wages Assistance (LWA)[5] for August 1, 2020, through September 5, 2020. Claimant denied that she has received an overpayment.

On May 15, 2023, the Referee issued a decision dismissing Claimant's appeal petition. The Referee made the following findings of fact:

> 1. On June 10, 2020, [C]laimant opened an initial application for [PUA] benefits with the Pennsylvania ("PA") Department of Labor & Industry ("Department") and indicated in the claim application that text messages (if available) were [C]laimant's preferred notification method to receive Department notifications.
>
> 2. Claimant provided her mother's mailing address when she applied for PUA benefits.
>
> 3. On December 22, 2022, notices of determination were issued by the Department to [] [C]laimant denying [C]laimant PUA benefits under Section 2102(a)(3) of the CARES Act of 2020[6] effective March 1, 2020 through September 4, 2021 for not being attached to the PA Labor Market/Workforce; establishing a non-fraud PUA overpayment under Section 2102[(d)(4)] of the CARES Act,[7] establishing a non-fraud [FPUC] overpayment under Section 2104(f) of the CARES Act of 2020,[8] and establishing a non-fraud [LWA overpayment] under Section

---

[5] The Federal Emergency Management Agency (FEMA) provided grants to participating states to administer delivery of a lost wages supplement of $300 beginning the week of unemployment ending August 1, 2020, to qualified individuals. FEMA, Lost Wages Supplemental Payment Assistance Guidelines, https://www.fema.gov/disaster/historic/coronavirus/governments/supplemental-payments-lost-wages-guidelines (last visited January 30, 2025).

[6] 15 U.S.C. §9021(a)(3).

[7] The overpayment provision is in Section 2102(d)(4) of the CARES Act, 15 U.S.C. §9021(d)(4). The Continued Assistance for Unemployed Workers Act of 2020, Pub. L. No. 116-260, 134 Stat. 1182, amended Section 2102(d)(4) of the CARES Act, 15 U.S.C. §9021(d)(4), to offer a repayment waiver for PUA overpayments identical to the repayment waiver provisions for FPUC overpayments under Section 2104(f) of the CARES Act, 15 U.S.C. §9023(f).

[8] 15 U.S.C. §9023(f).

408(e)(2) of the Stafford Act[9] and Sections 262(a)-(c) of the Continued Assistance for Unemployed Workers Act of 2020 for the weeks at issue.

4. The Notices of Determination informed [] [C]laimant that there [were] twenty-one (21) days from the date of that determination in which to file an appeal if [] [C]laimant disagreed with the determination. The last day on which a valid appeal could be filed from the determination was January 12, 2023.

5. Claimant's mother received the determinations in the mail and provided the determinations to [C]laimant.

6. Claimant read and received the determination and appeal instructions.

7. On January 13, 2023, [][C]laimant filed an appeal via fax to the Notices of Determination issued by the Department on December 22, 2022.

Referee Determination at 2; C.R. 86. The Referee observed that Section 501(e) of the Unemployment Compensation Law (Law)[10] provides that a notice of determination becomes final unless an appeal is filed within 21 days after its issuance. Here, Claimant's appeal was filed on January 13, 2023, according to the fax confirmation receipt. Accordingly, Claimant's appeal was untimely.

The Referee explained that Claimant's testimony was vague on her receipt of the UC Service Center's determination. As such, the Referee concluded that Claimant's testimony did not establish an untimely receipt of the UC Service Center's determination.

As to the timeliness of her appeal, the Referee found that Claimant did not offer credible testimony to explain why it was untimely. She stated that she had "a lot going on" and did her best, but the pressure of life events does not excuse an

---

[9] 42 U.S.C. §5174(e)(2).

[10] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).

untimely appeal. Accordingly, Claimant did not establish grounds to allow the appeal to proceed *nunc pro tunc*.

The Referee's decision noted that Claimant should submit overpayment waiver questionnaires to the UC Service Center that could be used to determine whether the overpayment of PUA benefits had to be repaid.

Claimant appealed to the Board, which affirmed the Referee's determination. Claimant then petitioned for this Court's review.

On appeal,[11] Claimant argues that the Board erred in dismissing her appeal as untimely. She contends that she appealed by fax, as established by the fax receipts. Claimant explains that she was between homes at the time and taking medication for her mental health condition. Accordingly, it was difficult for her to keep dates straight in her mind while "in an extreme manic state." Claimant Brief at 5.

The Board responds that Claimant was denied PUA benefits because she was not sufficiently attached to the labor market/workforce when she applied for benefits. If Claimant disagreed with that determination, she had 21 days to appeal. Although conceding that she received the determination in time to appeal in the 21 days, Claimant did not do so. Further, Claimant did not establish that her late appeal was caused by an administrative breakdown or non-negligent circumstances that would permit her appeal to proceed on the basis of the *nunc pro tunc* doctrine. In short, the Board did not err in dismissing her appeal.

---

[11] This Court's review in an unemployment compensation case determines whether constitutional rights were violated, errors of law were committed, or findings of essential fact were not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review*, 637 A.2d 695, 697 (Pa. Cmwlth. 1994).

We begin with a review of the applicable law. The CARES Act provides that appeals of PUA determinations will be conducted as the State would conduct appeals "regarding rights to regular compensation under State law." 15 U.S.C. §9021(c)(5)(B)(ii). Applicable here is Section 501(e) of the Law, which states as follows:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), no later than twenty-one calendar days after the "Determination Date" provided on such notice, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e). This 21-day deadline is "mandatory." *Blast Intermediate Unit No. 17 v. Unemployment Compensation Board of Review*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994). The deadline cannot be extended as a matter of grace or indulgence. *Russo v. Unemployment Compensation Board of Review*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010). A claimant has a heavy burden to justify an untimely appeal. *Blast Intermediate Unit No. 17*, 645 A.2d at 449.

Here, the record shows that the notice of determination was sent to Claimant at the correct mailing address, and Claimant acknowledged its receipt. Nevertheless, Claimant filed her appeal on January 13, 2023, which was one day late.

In her brief, Claimant claims that she mailed her appeal and questions why it was not received on time by the Board. At the hearing, however, Claimant testified that she faxed her appeal. N.T. 9; C.R. 80. In response to the Referee's

7

question whether January 13, 2023, was the date she faxed her appeal, Claimant testified "[y]es." *Id.*

To allow an untimely appeal to proceed *nunc pro tunc*, the claimant bears a heavy burden of demonstrating extraordinary circumstances involving (1) fraud or a breakdown in the administrative authority's operation; (2) non-negligent conduct of an attorney or her staff; or (3) non-negligent conduct of the claimant that was beyond her control. *Lopresti v. Unemployment Compensation Board of Review*, 55 A.3d 561, 563 (Pa. Cmwlth. 2012). Claimant's testimony did not establish any of these elements.

Claimant testified that she received the December 22, 2022, notice of determination in the mail and acknowledged that the final date to appeal was January 12, 2023. Claimant argues in her brief her mental health issues contributed to her one-day late filing. However, Claimant offered no evidence of these health issues at the Referee hearing. Absent any evidence in the record about these mental health issues, there is no basis to find that Claimant's failure to meet the 21-day filing deadline was due to non-negligent conduct, *i.e.*, mental illness.

In sum, Claimant's appeal was untimely, and she did not establish the extraordinary circumstances that would warrant *nunc pro tunc* relief.[12] We affirm the adjudication of the Unemployment Compensation Board of Review.

_____
MARY HANNAH LEAVITT, President Judge Emerita

_____

[12] Where, as here, an overpayment of PUA benefits has been determined to be without fault on the part of the recipient, repayment may be waived. *See* 15 U.S.C. §9023(f)(2)-(3). Accordingly, Claimant may seek a waiver from the Pennsylvania Department of Labor and Industry. If the waiver is denied, Claimant can appeal that decision.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angie Rambo,                          :
                    Petitioner         :
                                        :
            v.                          :         No. 1640 C.D. 2023
                                        :
Unemployment Compensation               :
Board of Review,                        :
                    Respondent          :

## **O R D E R**


AND NOW, this 30th day of January, 2025, the adjudication of the Unemployment Compensation Board of Review, dated October 3, 2023, in the above-captioned matter, is AFFIRMED.


_____
MARY HANNAH LEAVITT, President Judge Emerita