# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aubri Spotti,                                 :
                                              :
                    Petitioner                :
                                              :
          v.                                  : No. 1570 C.D. 2023
                                              : Submitted: July 7, 2025
Unemployment Compensation                     :
Board of Review,                              :
                                              :
                    Respondent                :

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  September 19, 2025

Aubri Spotti (Claimant) petitions for review of the October 31, 2023 decision of the Unemployment Compensation Board of Review (Board). The Board dismissed Claimant's appeal after concluding, as did the Referee below, that Claimant had filed an untimely appeal of a Determination from the UC Service Center which found that Claimant was ineligible to receive Pandemic Unemployment Assistance (PUA) benefits. We affirm.

Claimant filed an application for PUA benefits effective June 6, 2021. Board Decision, 10/31/23, at Finding of Fact (F.F.) No. 1. In a Notice of Determination dated December 29, 2021, the UC Service Center found that Claimant was ineligible for PUA benefits under Sections 2102(a)(3) and 2102(f) of the Federal

Coronavirus Aid, Relief, and Economic Security Act of 2020,[1] and 242(a) of the Continued Assistance Act.[2]  *Id*. at F.F. No. 2.  The Determination, which Claimant received, noted that January 19, 2022, was the deadline for Claimant to file an appeal of the UC Service Center's decision.  *Id*. at F.F. Nos. 3-4.

The Determination also provided:

**<u>You may file your appeal</u>:**

- online on the Pennsylvania[] Unemployment Compensation System;

- by completing the Petition for Appeal form (included with your determination), and mailing, faxing or emailing the petition for appeal to the [D]epartment [of Labor and Industry];

- by mailing, faxing or emailing an appeal letter to the [D]epartment [of Labor and Industry]; or,

- in person at a PA CareerLink®

Determination at 2; Certified Record (C.R.) at 13 (emphasis in original).  Similarly, the Determination also included thorough instructions for completing each method of appealing.  Determination at 2-3; C.R. at 13-14.

Despite these instructions, Claimant believed that using the portal was the only method for appeal.  After experiencing technical difficulties related to the portal, Claimant failed to successfully appeal before the deadline.  Board Decision at F.F. Nos. 5-6.  Although Claimant initially experienced difficulties communicating with a Service Center representative, a representative eventually

---

[1] 15 U.S.C. §9021(a)(3), (f).

[2] Pub. L. No. 116-260, 134 Stat. 1182.

explained that Claimant could appeal via any of the aforementioned methods. Claimant then filed her appeal of the Determination on September 6, 2022. *Id.* at F.F. Nos. 7-9.

The Referee conducted a hearing on January 13, 2023. In pertinent part, Claimant testified that she was aware of the deadline for her appeal and had attempted to appeal the Determination a few days before January 19, 2022, but that when she "was hitting the button [in the Portal to submit her appeal, the portal] was not letting [her] go any further." Referee's Hearing, 1/13/23, N.T., at 6. Despite having conversations with UC Service Center representatives in January 2022 and August 2022, Claimant finally succeeded in filing her appeal by fax on September 6, 2022. *Id.* at 7.

In a decision dated January 13, 2023, the Referee dismissed Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[3] Although the Referee concluded that Claimant's testimony regarding the portal's glitch was credible, he further concluded that the testimony was insufficient to establish fraud or a breakdown in the administrative process given the alternatives for filing an appeal and the significant delay until Claimant successfully filed her appeal. Referee's Decision at 3; C.R. at 67.

The Board affirmed the Referee's decision after incorporating his Findings of Facts and Conclusions of Law. *See* Board Decision at 1; C.R. at 84. Claimant's timely petition for review followed.

---

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).

3

The sole issue Claimant raises for this Court's review[4] is whether the Board erred by concluding that her appeal was filed in an untimely manner given that she did "everything that was asked of [her]." *See* Claimant's Brief at 4.

Initially, Section 501(e) of the Law provides:

> Unless the claimant . . . files an appeal with the [B]oard, from the determination contained in the notice . . . no later than twenty-one calendar days after the "Determination Date" provided on such notice, and applies for a hearing, such determination of the [Department of Labor and Industry], with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e). Claimants must strictly comply with this deadline, as "[f]ailure to appeal before the mandatory deadline creates a jurisdictional defect this Court cannot overlook even 'as a matter of grace or indulgence.'" *Grimwood v. Unemployment Compensation Board of Review*, 322 A.3d 976, 980 (Pa. Cmwlth. 2024) (quoting *Carney v. Unemployment Compensation Board of Review*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018)). *See also Dumberth v. Unemployment Compensation Board of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003) ("Appeal periods, even at the administrative level, are jurisdictional and may not be extended . . . otherwise, there would be no finality to judicial action.").

Nevertheless, we may permit an appeal *nunc pro tunc*, "in extraordinary circumstances 'involving fraud or some breakdown in the [C]ourt's operation,' or where the delay is caused by non-negligent circumstances either by the claimant or a third party." *Harris v. Unemployment Compensation Board of Review*, 247 A.3d 1233, 1229-30 (Pa. Cmwlth. 2021) (quoting *Cook v. Unemployment Compensation*

---

[4] Our review is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

*Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996)). Where untimeliness is caused by fraud or administrative breakdown, the Claimant must show "the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct . . . ." *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). When the untimeliness of a claimant's appeal is caused by non-negligent circumstances,

> either as they relate to appellant or [her] counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, *and the time period which elapses is of very short duration*, and the appellee is not prejudiced by the delay, the court may allow an appeal *nunc pro tunc*.

*Cook*, 671 A.2d at 1131 (emphasis added). *See also Lopresti v. Unemployment Compensation Board of Review*, 55 A.3d 561, 563 (Pa. Cmwlth. 2012) (non-negligence must be beyond the claimant's control). Although our Supreme Court has not defined the exact duration for this very short period of time, *see UPMC Health System v. Unemployment Compensation Board of Review*, 852 A.2d 467, 472 (Pa. Cmwlth. 2004) (McGinley, J., dissenting), it is typically only a matter of days. *See Stanton v. Department of Transportation, Bureau of Driver Licensing*, 623 A.2d 925 (Pa. Cmwlth. 1993) (11-day lapse exceeded threshold for *nunc pro tunc* appeal). Finally, the claimant bears the heavy burden of proving she is entitled to *nunc pro tunc* relief. *Blast Intermediate Unit No. 17 v. Unemployment Compensation Board of Review*, 645 A.2d 447, 449 (Pa. 1994).

Here, Claimant does not dispute that her appeal is facially untimely. Claimant similarly makes no allegation that fraud or some administrative breakdown occurred which prevented her untimely filing. However, to the extent that Claimant believes the delay was caused by non-negligence, we are hesitant to agree given the

thorough instructions for appealing contained in the Determination.[5]  *See Jones v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1414 C.D. 2010, filed May 26, 2011), slip op. at 10-12 (A claimant's ignorance as to the other means for filing an appeal, without more, does not warrant *nunc pro tunc* relief.).[6]  Indeed, Claimant testified that had she not overlooked these instructions or had she communicated with a service center representative, she would have filed her appeal much earlier than she did.  Referee's Hearing, N.T., at 6-8.  While it is unfortunate that this simple error prevented Claimant from filing a timely appeal, it does not amount to the non-negligence required for *nunc pro tunc* relief.

Even to the extent that Claimant's appeal was hindered by non-negligent technical errors beyond her control, we cannot conclude that *nunc pro tunc* relief is appropriate here.  The portal's technical errors aside, Claimant failed to vitiate her untimely filing in a prompt manner.  Claimant's testimony indicates that she knew of the deadline for her appeal, and that she had attempted to timely file.  Referee's Hearing, N.T., at 6.  In other words, Claimant knew of the untimeliness of her appeal as soon as the deadline passed.  Still, despite the Determination's thorough instructions and knowing that her efforts failed, *see id*., Claimant made no subsequent effort to file her appeal shortly after the January 19, 2022 deadline.  Even upon learning of the other methods for filing her appeal in an August conversation with a Service Center representative, Claimant delayed filing until September 6, 2022.  *Id*., N.T., at 7-8.  At bottom, Claimant's own hesitation and failure to heed

---

[5] The Board's regulations also codify the methods and timing for filing an appeal.  *See* 34 Pa. Code §§101.81-.82.

[6] *See* Pa. R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

the Determination's instructions delayed filing her appeal by nearly eight months –
far longer than the very short period of time necessary to warrant *nunc pro tunc*
relief. *Cf. Cook*, 671 A.2d at 1131-32 (four-day lapse following an untimely filing
because of the claimant's non-negligent circumstances warranted relief).

"Failure to file an appeal within [21] days, without an adequate excuse
for the late filing, mandates dismissal of the appeal." *United States Postal Service
v. Unemployment Compensation Board of Review*, 620 A.2d 572, 573 (Pa. Cmwlth.
1993). Because Claimant proffers no adequate excuse for her late filing, the Referee
and the Board were correct to dismiss Claimant's appeal.

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aubri Spotti,                                    :
                                                 :
                    Petitioner                   :
                                                 :
          v.                                     : No. 1570 C.D. 2023
                                                 :
Unemployment Compensation                        :
Board of Review,                                 :
                                                 :
                    Respondent                   :


**O R D E R**


AND NOW, this 19th day of September, 2025, the October 31, 2023 order of the Unemployment Compensation Board of Review is **AFFIRMED**.


_____
MICHAEL H. WOJCIK, Judge