# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pinnacle Health Hospitals, : 
            Petitioner : 
             :   No. 1025 C.D. 2018
      v. : 
             :   Argued: April 9, 2019
Unemployment Compensation : 
Board of Review, : 
            Respondent

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION BY
JUDGE McCULLOUGH                      FILED: May 31, 2019

Pinnacle Health Hospitals (Employer) petitions for review of the June 26, 2018 order of the Unemployment Compensation Board of Review (Board), which affirmed the decision of a referee finding David L. Lisco (Claimant) eligible for unemployment compensation (UC) benefits. This case presents an issue of first impression with regard to the mailbox rule. Specifically, we are asked to clarify what constitutes a regular place of mailing for purposes of application of the presumption of receipt. For the reasons set forth below, we reverse and remand.

## Facts and Procedural History

Claimant was terminated from his employment with Employer as a pharmacist for excessive use of the internet while working. Claimant applied for benefits and the local service center found him ineligible. Claimant filed an appeal

and a notice of hearing was allegedly mailed to Employer on October 31, 2017. The notice was not returned as undeliverable. (Board's Findings of Fact (F.F.) Nos. 1-3.) After a hearing at which Claimant was the only party to appear, the referee issued a decision finding Claimant eligible for benefits. Employer appealed to the Board, which ordered a remand hearing "to receive testimony and evidence on [] [E]mployer's reason for its nonappearance at the [referee] hearing," as well as additional testimony and evidence on the merits. (Reproduced Record (R.R.) at 29a.) Employer received the notice scheduling the remand hearing for March 12, 2018. (R.R. at 32a.) Claimant and Employer, through its attorney, appeared at the remand hearing.

During the hearing, Employer argued that the notice of hearing was not mailed by the referee's office, nor was it received by Employer. Employer presented the testimony of four witnesses: Two testified regarding how Employer receives and processes mail, and two testified regarding Claimant's employment and the merits of Claimant's UC claim.

Employer's first witness, Lisa Via, testified she had been employed by employer for 21 years, the majority of which she served as the Operations Manager for Employer's mail services. Ms. Via testified that Employer receives its mail from a courier who picks it up from the post office. She stated the mail is then taken to Employer's mailroom in boxes, at which point it is sorted and put into separate boxes with Employer's different departments listed on them. Ms. Via stated that Employer's mailroom pays particular attention to pieces of mail that come from the Department of Labor and Industry (Department), which are placed in a separate box designated for Human Resources (HR) at Brady Hall. That mail is then taken by a mail clerk to HR, and placed in a bin at the front desk of the HR Office. Ms. Via

2

stated there is a quality-assurance mechanism to ensure the mail gets to its correct location in that either the team leader or Ms. Via checks the baskets and tables in the mailroom at the end of each day to ensure there is no mail left. (R.R. at 34a-36a.)

Employer also presented the testimony of Allison Beck, Employer's Manager of Employee Relations. Ms. Beck testified that she worked in Employer's HR office. Ms. Beck explained that once mail is delivered from the mailroom and left at the front desk of the HR office, it is opened and separated by the HR office's secretary, who specifically directs any mail listing "Unemployment Compensation" to Ms. Beck's mailbox, which she checks several times a day. (R.R. at 37a.) Ms. Beck stated that she is the sole person designated by Employer to receive notices from the Department involving unemployment compensation. Ms. Beck testified that, although she was awaiting the notice of hearing after Claimant filed an appeal, she did not receive the notice of hearing for the initial hearing before the referee and, thus, was unaware of the date and time of the hearing. (R.R. at 37a-38a.)

After the hearing, the Board issued an order directing another remand hearing for the purpose of gathering evidence on whether the notice of hearing was mailed from the referee's office. Additionally, the Board noted that "[a]n answer to the following question . . . would be helpful: Does the [r]eferee's office have any evidence to indicate that the notice of hearing was placed in the regular place of mail?" (R.R. at 67a.)

The second remand hearing was held on April 30, 2018, at which Claimant, Employer, and Mary Krysakowski, the Clerk Typist for the referee, appeared. Ms. Krysakowski testified that it is her responsibility to schedule hearings two weeks prior to the date on which they were to be held. To do so, she stated that she pulls all files from the file drawer and enters all the information from each file

into an automated system, after which she prints out the necessary number of copies of hearing notices for each hearing. Ms. Krysakowski stated that she then "add[s] all the information that needs to go in the List of issues, the blue sheet of translator's information[,] and [] the translation card," and she "fold[s] everything up, put[s] them in envelopes, [and] put[s] them in a basket *that will be picked up by our mailroom* at 1:00." (R.R. at 71a.) (emphasis added). Ms. Krysakowski testified that she could remember nothing specific about Employer's notice of hearing, but she did observe that the notice would have been mailed prior to the date that the referee's office moved locations.

On cross-examination, Ms. Krysakowski acknowledged that she does not personally deposit the notices in the mail or affix the postage to the envelopes, and that the referee's office does not get a proof of mailing certificate from the post office. Ms. Krysakowski indicated that, although she did not keep a log of when notices were sent, "[b]y our own rules and regulations," the notices "have to go out two weeks prior" to the hearing date. (R.R. at 74a.) Ms. Krysaksowki observed that the notice of hearing itself bears the date of mailing. Finally, noting that Claimant received his hearing notice, Ms. Krysakowski indicated that both parties' notices would have been deposited in the same basket. (R.R. at 75a-77a.)

By decision and order dated June 26, 2018, the Board affirmed the referee's decision and granted Claimant benefits. With regard to Employer's argument that the notice was not mailed, the Board stated that actual evidence of mailing is not required and evidence of custom is acceptable proof to establish that a letter placed in the regular place of mailing was sent. The Board reiterated Ms. Krysakowski's testimony regarding how she processes the notices of hearing and found significant Ms. Krysakowski's testimony that both parties' notices would have

4

been placed in the same basket. The Board found that Employer's notice of hearing was placed in the regular place of mail, relying upon Ms. Krysakowski's testimony regarding the custom of placing the notice of hearing in the regular place of mailing. Accordingly, the Board determined there was insufficient evidence to nullify the presumption that the notice of hearing was received by Employer, and it declined to consider Employer's testimonial evidence regarding the merits of Claimant's claim presented at the first remand hearing.[1] Given the evidence before it, the Board agreed with the referee's finding that Employer failed to meet its burden of establishing that Claimant's discharge was for willful misconduct. (Board's final decision and order at 2-3.)

Employer petitions for review,[2] arguing the Board erred in determining Employer received the notice of hearing despite the absence of evidence that the referee's office sent the notice or that Employer received it.

## Discussion

This Court has held that it is inappropriate for the Board to consider evidence of a party on the merits of a case when the party has not established a proper cause for failure to appear at the first hearing. *Sanders v. Unemployment Compensation Board of Review*, 524 A.2d 1031, 1033 (Pa. Cmwlth. 1987); 34 Pa.

---

[1] "If any party duly notified of the date, hour and place for a hearing fails to appear without proper cause, the hearing may be held in his absence." 34 Pa. Code §101.51. The Department's regulations define notice as the mailing of any notice to the parties at their last known address. 34 Pa. Code §101.53.

[2] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. §704.

Code §101.51 ("If a party notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence."). Non-receipt of the hearing notice can constitute proper cause for failure to attend a hearing. *Volk v. Unemployment Compensation Board of Review*, 49 A.3d 38, 45 (Pa. Cmwlth. 2012) (en banc); *Coin Automatic Laundry Equipment Co. v Unemployment Compensation Board of Review*, 447 A.2d 690, 691 (Pa. Cmwlth. 1982). "[T]he Department's regulation at 34 Pa. Code § 101.104(c)[3] provides that, once a party [who wishes to have his evidence on the merits considered] makes a request for a hearing and appeal under 34 Pa. Code § 101.24,[4] the Board is required to allow the

---

[3] In pertinent part, this regulation states,

> The further appeal shall be allowed and additional evidence required in any of the following circumstances:
>
> . . .
> (3) Under § 101.24 (relating to reopening of hearing) a request for reopening received after the decision of the referee was issued which constitutes a request for further appeal to the Board.

34 Pa. Code §101.104(c).

[4] In pertinent part, this regulation states,

> (a) If a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute "proper cause," the case shall be reopened[.]
>
> . . .
>
> (c) A request for reopening the hearing which . . . is received or postmarked on or before the 15th day after the decision of the referee was mailed to the parties shall constitute a request for further appeal to the Board and a reopening of the hearing, and the Board will rule

**(Footnote continued on next page…)**

6

further appeal and to allow the introduction of additional evidence." *Volk*, 49 A.3d at 46.

Here, Employer alleged not only that it did not receive the notice of hearing, but also that the notice of hearing was not sent by the referee's office, which, if proven, would constitute proper cause. *Id.* at 45. The Board reviewed the testimonial evidence of Ms. Krysakowski, as well as Employer's witnesses, and determined the presumption of receipt applied and had not been rebutted by Employer.

> In *Blast Intermediate Unit # 17 v. Unemployment Compensation Board of Review*, 645 A.2d 447 (Pa. Cmwlth. 1993), this Court recognized two component presumptions, both rebuttable, that arise when a party challenges a public official's claim to have placed an order in the mail: (1) the presumption of the regularity of the acts of public officials (which is used to establish that **a *public official placed an item into the mail***); and (2) the presumption of receipt (*i.e.*, that **a *properly mailed letter* to the last known address of the addressee which is not returned undelivered by the postal authorities was timely received by the addressee—*i.e.*, the mailbox rule). *See Blast*, 645 A.2d at 449. We explained that the two presumptions are applied separately and that there must be some evidence to support the first presumption before the

---

**(continued…)**

upon the request. If the request for reopening is allowed, the case will be remanded and a new hearing scheduled, with written notice thereof to each of the parties. . . .

34 Pa. Code §101.24(a), (c). Notably, however, in *Volk*, this Court held that the Board "must provide the [party] against whom the presumption of receipt is being asserted the opportunity to submit evidence to rebut that presumption and to support the asserted reasons believed to be proper cause for not appearing at the hearing before the Board determines whether the [party] had proper cause for not attending the hearing." 49 A.3d at 47.

7

> second presumption may be applied. In other words, "the presumption of receipt is 'inapplicable' in the absence of proof that the notice was mailed. '[U]ntil there is proof that a letter was mailed, there can be no presumption that it was received.'" *Id.* (quoting *Leight v. Unemployment Comp. Bd. of Review*, 410 A.2d 1307, 1309 (Pa. Cmwlth. 1980) (alteration in original)).

*Douglas v. Unemployment Compensation Board of Review*, 151 A.3d 1188, 1192 (Pa. Cmwlth. 2016) (emphasis added). Additionally, in *Blast*, we held, "[T]he mere existence of a rule requiring an act to be performed by a public official is not sufficient to raise a presumption that the act was in fact performed, *i.e.*, the mailing of the notice." 645 A.2d at 449 (internal quotation marks omitted). Instead, "The presumption only comes into play *when there is on record some other indication* that the act in question had been performed, *such as a notation to that effect made by a local bureau official that the letter had been deposited in the mail*." *Id.* (emphasis added) (internal quotation marks omitted).

"[U]nless a rule or regulation specifies otherwise, proof of [actual] mailing is not a *requirement* for a party to prove that a document was actually mailed." *C.E. v. Department of Public Welfare*, 97 A.3d 828, 833 (Pa. Cmwlth. 2014) (emphasis in original). Instead, "when a letter has been written and signed in the usual course of business and placed in the regular place of mailing, evidence of the custom of the establishment as to the mailing of such letters is receivable as evidence that it was duly mailed." *Department of Transportation v. Brayman Construction Co.—Bracken Construction Co.*, 513 A.2d 562, 566 (Pa. Cmwlth. 1986) (quoting *Christie v. Open Pantry Marts*, 352 A.2d 165, 166-67 (Pa. Super. 1975)). "It is well settled that the presumption in the mailbox rule is not nullified by testimony denying receipt of the item mailed." *Brayman Construction Co.*, 513 A.2d at 566.

8

Here, in support of the first presumption, the referee's office offered Ms. Krysakowski's testimony. As described above, Ms. Krysakowski testified about how she processes and prepares the notices for mailing. However, as Employer notes, she could not testify about what happens to the notices after they are retrieved from the basket on her desk by a member of the mail room, nor could she testify how postage is affixed to the envelopes or how the notices are actually placed in the U.S. Mail. Employer notes that the record does not contain any notation that the notice of hearing was mailed to Employer. Moreover, although the Board found significant that the notice itself contained the date of mailing, this Court has held that the mere fact the item contains the date of mailing does not, without more, establish proof of mailing. *See Douglas*, 151 A.3d at 1193 ("[A]lthough the Notice of Determination indicated that it was mailed on February 3, 2016, that, in and of itself, without more is insufficient to establish proof of mailing in the face of a challenge, because it is apparent that the 'mailed date' was part of the information included in the notice itself at the time the notice was prepared.").

Employer asserts that, in order to get the presumption of regularity, there has to be testimony indicating how postage is routinely affixed to the envelopes and how, specifically, the notices are put in the mail or, alternatively, evidence in the record, such as a notation, indicating the hearing notices were sent out. Here, Employer observes that "[t]he Department did not produce a witness to testify whether or how the [n]otice of [h]earing was affixed with the proper amount of postage or even that the [n]otice was placed in the mail." (Employer's brief at 15.)

Furthermore, Employer contends that the basket on Ms. Krysakowski's desk "was not the place of mailing since someone from the mailroom would have to come and pick[]up the mail." *Id.* Even with the presumption of regularity, Employer

contends that, at most, the Board could conclude that Ms. Krysakowski usually placed the notices in a basket to be picked up by mailroom employees; however, this could not lead to the conclusion that the notices were usually picked up and taken to the mailroom, had postage affixed, and were deposited into the mail.

Although this Court has addressed the mailbox rule innumerable times, we have not yet been presented with the question of what constitutes a regular place of mailing. In applying the mailbox rule, this Court has alternatively used the phrases "regular place of mailing," or "usual place of mailing," and "into the mail." *Compare Blast*, 645 A.2d at 449 (using "in the mail"), *and Brayman*, 513 A.2d at 566 (using "regular place of mailing" and "usual place of mail"), *with Douglas*, 151 A.3d at 1191 (using "in the mail"). In reading this case law cohesively, we hold that the regular place of mailing is the place where the properly addressed letter, with postage affixed, enters the U.S. Mail, whether that be a mailbox, a post office, mail room, or other location where a mail carrier retrieves the mail. Accordingly, in order for the Board to utilize the presumption of regularity in order to invoke the presumption of receipt, it must present evidence regarding how properly addressed items, with proper postage affixed, customarily enter the mail or, alternatively, show "some other indication that the act in question had been performed" such as a notation in the record indicating that "the letter had been deposited in the mail." *Blast*, 645 A.2d at 449.

Applying this holding to the present case, we conclude that the Board did not present sufficient evidence for the presumption that Employer received the notice because Ms. Krysakowski's testimony could not and did not address how and when the notices she prepares enter the mail or whether the notices receive the proper postage prior to their mailing, as she only places mail in a basket on her desk, which

must then be picked up and further processed. Indeed, Ms. Krysakowski acknowledged that the basket on her desk was not the place where the notices customarily entered the U.S. Mail. Accordingly, we must remand to the Board for consideration of the evidence Employer submitted regarding the merits of Claimant's appeal. On remand, the Board should issue findings on the credibility of Employer's witnesses, as well as the credibility of Claimant's testimony.

Finally, we disagree with the Board's contention during argument that the workers' compensation case, *Sheehan v. Workmen's Compensation Appeal Board (Supermarkets General)*, 600 A.2d 633 (Pa. Cmwlth. 1991), mandates a different result. In *Sheehan*, an employee appealed from a decision suspending his workers' compensation benefits, and the primary issue involved the extent to which the employer had to take into account his physical limitations when offering him a position. The employee made additional arguments, including that the employer had not proved he had received the notice of the job referral. *Id.* at 636.

The referee found that the employer had notified the employee of the position, basing the finding on the testimony of the employer's assistant supervisor, who testified that "he wrote and signed a letter on January 29, 1986, to [c]laimant, advising him that a position was available," and that while "he did not personally mail letters," he "customarily [gave] them to the secretaries to be mailed." *Id.* This Court held that the assistant supervisor's testimony was "sufficient to show that the referral was written and signed in the usual course of business and placed in the regular place of mailing." *Id.*

*Sheehan*, however, does not require a different outcome in the present case as it is not ostensibly inconsistent with the holding we set forth today. Initially, we note that *Sheehan* has never been cited by this Court or our Supreme Court for the

11

proposition that a party is entitled to the presumption of receipt without first having provided evidence that the letter was prepaid, properly addressed, and placed in the mail.[5] Furthermore, unlike in the present case, the witness in *Sheehan* was able to testify to writing and addressing the specific letter at issue and, moreover, was able to identify *how* the letter was entered into the mail—namely, the employer's secretaries. Conversely, here, Ms. Krysakowski could not testify about how the notices entered the mail after they left her desk, or whether they had proper postage affixed beforehand. Furthermore, it is significant that the claimant in *Sheehan* was not prejudiced by the alleged non-receipt of the notice in that it did not cause him to miss a hearing, file a late appeal, or, like Employer here, result in his inability to present evidence on the merits of the issue before the referee.

**Conclusion**

Today, we hold that the regular place of mailing is the place where the item enters the U.S. Mail system, be it a mailbox, post office, or the location where

---

[5] Because *Sheehan* does not specifically state whether the assistant supervisor placed proper postage on the envelopes or how specifically the secretaries put the letter in the mail, we can only guess. However, even to the extent that *Sheehan* could stand for the proposition that the Board was not required to present evidence of how the letter entered the mail or whether it had postage, such a holding would be inconsistent with both prior and subsequent precedent. *See Jensen v. McCorkell*, 26 A. 366, 367 (Pa. 1893) ("[I]t is well settled that the fact of **depositing in the post office a properly addressed, prepaid letter** raises a natural presumption, founded in common experience, that it reached its destination by due course of mail; in other words, it is prima facie evidence that it was received by the person to whom it was addressed; but that prima facie proof may be rebutted by evidence showing it was not received." (emphasis added)); *Whitmore v. Dwelling House Insurance*, 23 A. 1131, 1131 (Pa. 1892) (Detailed testimony from plaintiff that he "prepared [the letter], inclosed [sic] it in an envelope properly stamped and addressed . . . and placed it in the post office" was sufficient to raise presumption it was received.); *see also Northeastern Eye Institute v. Unemployment Compensation Board of Review*, 176 A.3d 455, 458 (Pa. Cmwlth. 2017) (en banc) (reversing the Board for failure to follow the principles outlined in *Douglas*, 151 A.3d at 1192, requiring evidence the letter was mailed); *Volk*.

12

the mail carrier picks up the mail. In applying our holding to the matter at hand, we conclude that the presumption of receipt did not apply to Employer because the testimony of Ms. Krysakowski did not identify how the notices, with proper postage, entered the mail. Therefore, Employer was entitled to consideration of the evidence it presented on the merits. Accordingly, the order of the Board is reversed and the matter is remanded for further proceedings consistent with this opinion.

_____
PATRICIA A. McCULLOUGH, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pinnacle Health Hospitals,      :
             Petitioner      :
     :    No. 1025 C.D. 2018
        v.      :
     :
Unemployment Compensation      :
Board of Review,      :
             Respondent

## ***ORDER***

AND NOW, this 31st day of May, 2019, the June 26, 2018 order of the Unemployment Compensation Board of Review is reversed and the matter is remanded for further proceedings not inconsistent with this opinion.

_____
PATRICIA A. McCULLOUGH, Judge