IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angels of Care by TLM, LLC,   :
     Petitioner   :
        :
   v.        :   No.  390 C.D. 2023
        :
Department of Human Services,   :   Submitted: July 5, 2024
     Respondent   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE LORI A. DUMAS, Judge

OPINION
BY JUDGE McCULLOUGH        FILED: August 28, 2024

     Angels of Care by TLM, LLC (Angels of Care) petitions for review of the March 31, 2023 order of the Chief Administrative Law Judge of the Department of Human Services (Department), Bureau of Hearings and Appeals (BHA).  In the order, the Department adopted the recommendation of Administrative Law Judge Jacob Herzing, Esq. (ALJ) and dismissed as untimely Angels of Care's appeal from three agency actions of the Department's Bureau of Program Integrity (BPI).  The Department further denied Angels of Care's request for *nunc pro tunc* relief.  Upon review, we affirm.

## I.   FACTS AND PROCEDURAL HISTORY

     We review the following material facts as found by the ALJ, which we find to be supported by substantial evidence in the record.  Angels of Care formerly was enrolled in the Medical Assistance (MA) program, through which it provided outpatient home and community-based attendant care and personal assistance services. On May 5, 2017, BPI requested that Angels of Care submit its claims data from May 1, 2015, through March 31, 2017, to enable BPI to conduct a retrospective claims review.  Angels of Care provided the requested data on May 23, 2017.  Pending the

completion of BPI's preliminary review findings, on May 28, 2019, Angels of Care completed a MA Enrollment Revalidation Application, in which it designated its service location as 10 Duff Road, Suite 207, Pittsburgh, PA, 15235-3262. It further designated Timothy Morris as its contact person.

On August 24, 2020, BPI mailed its preliminary review findings to Angels of Care at its designated service location. The preliminary findings identified certain violations of MA regulations in Angels of Care's claims data, which together resulted in an overpayment to Angels of Care of $194,612.38. Angels of Care received the preliminary findings, discussed them in a conference call with BPI, and thereafter submitted additional claims documentation. On December 14, 2020, BPI mailed final review findings to Angels of Care at its designated service location, in which it requested that Angels of Care pay a revised restitution amount of $191,612.38. Angels of Care received the final review findings, but did not appeal and did not pay the restitution.

On March 16, 2021, BPI sent a second notice letter to Angels of Care's designated service location by certified mail, in which it again requested payment of restitution. Angels of Care received the letter,[1] and on March 22, 2021, BPI and Angels of Care participated in another telephone conference concerning BPI's findings. BPI thereafter permitted Angels of Care to submit additional documentation by April 5, 2021.[2]

---

[1] On March 19, 2021, Elizabeth Bowman completed and signed a United States Postal Service (USPS) certified mail receipt acknowledging that Angels of Care had received the March 16, 2021 letter. (Reproduced Record (R.R.) at 44a.)

[2] The record is not clear as to whether Angels of Care submitted any additional documentation to BPI before April 5, 2021.

On April 15, 2021, BPI sent Angels of Care at its designated address (1) a notice of rescission, in which it rescinded its (a) December 14, 2020 final review findings and (b) March 16, 2021 restitution request; and (2) two copies of new final review findings regarding Angels of Care's claims data, which requested a significantly reduced restitution payment of $111,331.06 (Final Review Findings). BPI sent one copy of the Final Review Findings to Angels of Care at its designated address by certified mail and one copy by First-Class mail. BPI received in return a signed, undated certified mail receipt, but the signature is illegible and no printed name is included. The copy sent by First-Class mail was not returned as undeliverable. Angels of Care did not respond to or appeal the Final Review Findings and did not pay any restitution.

On June 22, 2021, BPI sent Angels of Care at its designated address two copies of a second letter requesting payment of restitution, one by certified mail and one by First-Class mail. The certified mail copy was returned to BPI as undeliverable with an unsigned receipt. The First-Class mail copy was not returned as undeliverable. Angels of Care again did not respond to the letter, file an appeal, or make any restitution payments.[3]

On July 30, 2021, BPI sent Angels of Care via First-Class mail at its designated address two copies of a third letter requesting the payment of restitution,

_____

[3] Angels of Care's representatives denied receiving any telephone communications from BPI after March 2021. (R.R. at 191a, 198a-99a, 203a, 206a.) In response, BPI presented testimony from its Medical Facility Records Manager, Katherine Smith-Strawser, who testified that she called Angels of Care at its designated telephone number on July 8, 2021. Receiving no answer, Ms. Smith-Strawser left a voicemail requesting that the call be returned and advising that failure to respond to BPI's notices could result in the termination of Angels of Care's provider agreement. (R.R. at 263a-64a.) BPI's Medical Facility Records Supervisor, Jeremy Maschak, also testified that he called Angels of Care on July 15, 2021, and confirmed with an unidentified person that its correct address was 10 Duff Road, Suite 207, Pittsburgh, PA 15235-3262. *Id.* at 264a-65a, 308a.

which copies were not returned as undeliverable. Angels of Care again did not respond to the letters, file an appeal, or pay any restitution.

On October 22, 2021, BPI sent Angels of Care by First-Class mail to its designated address a notice of Termination of Medical Assistance Provider Agreement (Termination Notice), in which it advised that it would terminate Angels of Care's provider agreement unless the requested restitution was paid in full. BPI further advised that Angels of Care could respond to the letter in writing or by telephone call. Angels of Care did not respond.

On December 20, 2021, BPI sent Angels of Care by First-Class mail to its designated address a Notice of Sanctions, in which it advised that Angels of Care's provider agreement would terminate in 30 days and Angels of Care thereafter would be precluded from participating in the MA program. The Notice of Sanctions was not returned as undeliverable, and Angels of Care did not respond to it or file an appeal.

In March 2022, Angels of Care attempted to register a prospective client for services, but was denied due to the termination of its provider agreement. On March 29, 2022, Angels of Care, via counsel, sent a letter to the Department, BPI, and BHA, advising that Angels of Care believed that the "2019 matter" had been addressed and that, until March 2022, Angels of Care had believed that it had "fully cooperated" with BPI and was "in compliance." (R.R. at 71a.) Counsel further advised that "Angels of Care had not received one letter, email[,] or telephone call to the contrary since 2019." *Id.* Counsel proposed various settlement terms and indicated that the letter was "for settlement purposes only." *Id.* at 72a. BPI did not accept the proposed settlement terms and affirmed the termination of the provider agreement.

On April 21, 2022, BHA sent Angels of Care a rule to show cause why its March 29, 2022 letter, which BHA characterized as an "appeal," should not be

4

dismissed as untimely. *Id.* at 131a. In response, Angels of Care, via new counsel, submitted to BHA a "Response to Rule to Show Cause and Motion for Hearing Nunc Pro Tunc Under 55 Pa. Code § 41.33(a)," dated April 29, 2022 (Request for Hearing). *Id.* at 77a-87a. In the Request for Hearing, which BHA received on May 5, 2022, Angels of Care again alleged that it had not received the notices of BPI's agency actions and that it could not receive certified mail at its designated address, which was a locked mailbox. Angels of Care also contended that extraordinary circumstances, namely, an administrative breakdown in BPI, caused its untimely appeal and justified *nunc pro tunc* relief. *Id.*

The ALJ conducted two days of telephonic hearings on the timeliness of Angels of Care's appeal and its request for *nunc pro tunc* relief. The ALJ issued an Adjudication on January 27, 2023, in which he concluded that Angels of Care's appeal was untimely and that *nunc pro tunc* relief was not warranted. The ALJ first concluded that only the Final Review Findings, Termination Notice, and Notice of Sanctions (together, Agency Actions) qualified as appealable actions to which a timeliness analysis would apply. (Adjudication, at 14.) The ALJ next concluded that Angels of Care's March 29, 2022 letter was not an appeal of any of BPI's Agency Actions. Rather, the ALJ concluded that Angels of Care's April 29, 2022 Request for Hearing constituted its appeal, which clearly was untimely. *Id.* at 16-17. Lastly, regarding *nunc pro tunc* relief, the ALJ concluded that no administrative breakdown within BPI justified awarding such relief and that BPI did not act negligently, improperly, or in a misleading way. *Id.* at 18. The ALJ accordingly recommended that Angels of Care's appeal be dismissed as untimely.

5

The Department adopted the ALJ's recommendation in its entirety and dismissed the appeal as untimely on March 31, 2023. Angels of Care now petitions for review in this Court.

## II. ISSUE PRESENTED[4]

Angels of Care presents a single issue for our review, namely, whether it should be permitted to appeal to BHA *nunc pro tunc* because it did not receive notice of the Agency Actions[5] and acted non-negligently in filing an untimely appeal.[6] The Department argues in response that Angels of Care has waived its issues on appeal and, in the alternative, that the Department properly denied *nunc pro tunc* relief and dismissed Angels of Care's appeal as untimely.

---

[4] Our review is limited to determining whether the adjudication below is supported by substantial evidence, whether legal error was committed, whether the agency proceedings violated the rules governing Commonwealth agency practice and procedure, and whether constitutional rights were violated. 2 Pa. C.S. § 704; *Archer v. Rockwood Area School District*, 249 A.3d 617, 622 n.5 (Pa. Cmwlth. 2021); *Aviles v. Department of Human Services*, 172 A.3d 708, 710 n.3 (Pa. Cmwlth. 2017).

[5] Angels of Care argued before the ALJ that BPI's June 22, 2021 and July 30, 2021 letters also qualify as appealable agency actions. *See* 55 Pa. Code § 41.3 (defining "[a]gency action" as "an adjudicative action of the Department or a program office that relates to the administration of the MA Program"). The ALJ determined to the contrary, and Angels of Care has not challenged that determination on appeal.

[6] Angels of Care also argues in passing that it otherwise should be "allowed" or "permitted" to appeal the Agency Actions. *See* Angels of Care's Br., at 4, 12, 18. It does not, however, provide any legal basis for this request or cite to any relevant authority. We therefore confine our analysis herein to whether the Department's denial of *nunc pro tunc* relief was appropriate. *See Scrip v. Seneca*, 191 A.3d 917, 924 (Pa. Cmwlth. 2018) (citing, in part, *City of Philadelphia v. Berman*, 863 A.2d 156, 161 n.11 (Pa. Cmwlth. 2004) (issues not developed in appellate brief are waived)).

## III. DISCUSSION

### A. Timeliness[7]

Before reaching Angels of Care's arguments regarding *nunc pro tunc* relief, we first address the facial timeliness of its appeal to BHA. Section 41.21(a)(1) of the Department's regulations provides, in relevant part, that unless otherwise provided by regulation, BPI may provide notice of its agency actions by "mailing a written notice of the action to a provider at the provider's most recent business address on file with the Department." 55 Pa. Code § 41.21(a)(1). "Mailing" in this context means "to deliver by United States or commercial mail service or transmit through electronic communication." 55 Pa. Code § 41.21a(a). Providers that are aggrieved by an agency action "may appeal and obtain review of that action by [BHA] by filing a request for hearing in accordance with this chapter." 55 Pa. Code § 41.31(a). Section 41.32(a)(1) and (e) of the Department's regulations imposes time limitations on the submission of requests for hearing and provides, in pertinent part, as follows:

> (a) Except as permitted in [Section] 41.33 (relating to appeals [*nunc pro tunc*]), [BHA] lacks jurisdiction to hear a request for hearing unless the request for hearing is in writing and is filed with [BHA] in a timely manner, as follows:
>
> > (1) If the program office gives notice of an agency action by mailing the notice to the provider, the provider shall file its request for hearing with [BHA] within 33 days of the date of the written notice of the agency action.
>
> . . . .

---

[7] A party's "failure to timely appeal an administrative agency's action constitutes a jurisdictional defect," and "the time for filing an appeal may not be extended as a matter of grace or mere indulgence." *Church of God Home, Inc. v. Department of Public Welfare*, 977 A.2d 591, 593 (Pa. Cmwlth. 2009) (citing *H.D. v. Department of Public Welfare*, 751 A.2d 1216 (Pa. Cmwlth. 2000)).

(e) [BHA] will dismiss a request for hearing, either on its own motion or on motion of a program office, if a provider fails to file its request in accordance with the time limits specified in subsection (a).

55 Pa. Code § 41.32(a)(1), (e). Section 41.32a(a) of the regulations clarifies that "[t]he term 'mailing' in [Section] 41.32(a)(1) and (2) (relating to timeliness and perfection of requests for hearing) means to deliver by United States or commercial mail service or transmit through electronic communication." 55 Pa. Code § 41.32a(a).

Regarding the facial timeliness of Angels of Care's appeal to BHA, the Department first argues that Angels of Care either does not contest the untimeliness of its appeal or has waived the issue by failing to adequately brief it in this Court. *See* Pa. R.A.P. 2119(a); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (the failure of an appellate brief to provide any discussion of an issue with citations to relevant authority or to otherwise develop the issue sufficiently to permit meaningful appellate review waives the issue); *Water Polo I, L.P. v. West Hanover Township Sewer Authority*, 301 A.3d 1009, 1024 (Pa. Cmwlth. 2023) (same). We agree. Angels of Care has not argued in this Court, and did not argue below, *see* R.R. at 169a-70a, that BPI *failed to mail* notices of the Agency Actions and, resultantly, that its Request for Hearing received by BHA on May 5, 2022, was timely; nor does Angels of Care challenge any of the ALJ's findings, conclusions, or analysis in this regard. Rather, Angels of Care consistently has argued that its *untimely* Request for Hearing to BHA should be permitted to proceed *nunc pro tunc* because it *did not receive* the notices mailed by BPI. Thus, we conclude that, whether considered to be uncontested or waived, the untimeliness of Angels of Care's appeal is established and not before us.

8

Nevertheless, even if we liberally construed Angels of Care's appeal to include this issue,[8] we would affirm the Department in any event. Pursuant to what has commonly been termed the "mailbox rule," where there is evidence that an agency mailed a notice to a provider's last known address that is not returned as undeliverable, that evidence ordinarily will be sufficient to permit a factfinder to find that the notice was, in fact, received the party to whom it was addressed. *Douglas v. Unemployment Compensation Board of Review*, 151 A.3d 1188, 1191 (Pa. Cmwlth. 2016); *Gaskins v. Unemployment Compensation Board of Review*, 429 A.2d 138, 140 (Pa. Cmwlth. 1981). "[W]hen a letter has been written and signed in the usual course of business and placed in the regular place of mailing, evidence of the custom of the establishment as to the mailing of such letters is receivable as evidence that it was duly mailed." *Pinnacle Health Hospitals v. Unemployment Compensation Board of Review*, 210 A.3d 1127, 1132 (Pa. Cmwlth. 2019) (citation and quotation omitted). When such evidence is present, it will give rise to a presumption that the recipient of the notice received it. *Douglas*, 151 A.3d at 1191. To defeat the presumption, the recipient must come forward with evidence showing that the notice was not, in fact, received. *Id; Pinnacle Health Hospitals*, 210 A.3d at 1133. It is well settled that merely denying receipt of an agency determination is not sufficient to defeat the presumption. *Id.* at 1132; *J.A. v. Department of Public Welfare*, 873 A.2d 782, 786 (Pa. Cmwlth. 2005).

> Here, the ALJ summarized BPI's evidence of mailing as follows:
>
> BPI's Medical Facility Records Examiner (Examiner) explained BPI's agency action creation and mailing procedures as [including:] [(]1) [E]xaminer's creation of the

---

[8] Angels of Care argues in passing that the ALJ's determination that Angels of Care received notice of the Agency Actions was "against the weight of the evidence" because the certified mail receipt for the Final Review Findings does not identify the signer and contains an illegible signature. (Angels of Care's Br., at 16.) Even if this argument fairly raises the question of timeliness, which it does not, it is meritless for the reasons discussed *infra*.

9

agency action; [(]2) clerical's creation of the mailing envelopes; [(]3) [E]xaminer's review of the agency action and mailing envelopes; [(]4) supervisor's review of the agency action and mailing envelopes; [(]5) director's signature on the agency action; [(]6) clerical's copying of the agency action; and [(7]) clerical's mailing of the agency action to provider. Here, Examiner stated that BPI followed these procedures and mailed Provider:

> [(]1) [t]wo copies of the April 15, 2021[] Final Review Findings, one by certified mail and one by standard [F]irst-[C]lass mail;
>
> [(]2) [o]ne copy of the October 22, 2021[] Termination [Notice] by standard [First-Class] mail; and[]
>
> [(]3) [o]ne copy of the December 20, 2021[] Notice of Sanctions by standard [F]irst-[C]lass mail.

> Examiner confirmed that BPI mailed these [A]gency [A]ctions to [Angels of Care]'s most recent business address on record. Examiner stated that BPI received the April 15, 2021 certified mail receipt returned with a signature and confirmed the United States Postal Service did not return the correspondence as undeliverable.

(Adjudication, at 15-16.) In response, Angels of Care's Chief Executive Officer (CEO) noted that the certified mail receipt for the Final Review Findings was not legible and that Angels of Care would have responded to BPI's requests if it had received notice of the Agency Actions because it (1) was actively attempting to comply with BPI's audit since 2017, and (2) continued to provide services until its provider agreement was terminated in 2022. (Adjudication, at 16.) Angels of Care's CEO confirmed, however, that it continued to receive mail from other senders at its designated address between April 15, 2021, and December 20, 2021. *Id.*

The ALJ concluded that BPI presented sufficient evidence of mailing to presume Angels of Care's receipt of the Agency Actions. The ALJ further concluded that Angels of Care's denial of receipt did not overcome the presumption because (1)

10

Angels of Care continued to receive mail at the same address from other senders; (2) BPI properly addressed and mailed the notices; (3) the notices were not returned as undeliverable; and (4) the USPS returned the April 15, 2021 certified mailing receipt with a signature, which confirmed delivery to Angels of Care's business address. *Id.*

We agree with the ALJ's analysis, and his findings are supported by substantial evidence in the record. Angels of Care did not present any affirmative evidence that it did not receive notice of the Agency Actions, and its postulation that it *would have* responded otherwise is insufficient in light of the other evidence that it continued to receive mail at its business address and previously had responded to BPI letters sent to that address.[9] In this Court, Angels of Care's persistent refrain continues to be that it did not receive the notices of the Agency Actions. That assertion, without more, is insufficient to overcome the presumption of receipt. Accordingly, even if the timeliness of Angels of Care's appeal was before us, we would affirm the Department.

## B. *Nunc Pro Tunc* Relief

Angels of Care argues that it should be permitted to appeal to BHA *nunc pro tunc* on the ground that it "acted non-negligently[] because it did not receive the notices and correspondence from BPI." (Angels of Care's Br., at 12.) It contends that it acted non-negligently when it "presumed" that BPI had not taken any further action regarding the disputed claims data after March 2021. *Id.*, at 15-16. The Department argues in response that (1) Angels of Care's arguments concerning non-negligent circumstances were not raised before BHA and are waived; (2) Angels of Care has not established non-negligent circumstances justifying *nunc pro tunc* relief; and (3) Angels

---

[9] In this regard, Angels of Care's March 29, 2022 letter and its April 29, 2022 Request for Hearing were incorrect. Both alleged that, as of March 2022, Angels of Care had not received *any* communication from BPI regarding its claims data issues since 2019. (R.R. at 71a, 80a-81a.) As noted above, in both 2020 and 2021, Angels of Care received, and communicated with BPI about, notices it received from BPI about claims data discrepancies.

11

of Care has waived any argument that an administrative breakdown within BPI justifies *nunc pro tunc* relief.

Section 41.33(a) of the Department's regulations governs *nunc pro tunc* relief and provides that BHA, "upon written motion and for good cause shown, may grant leave to a provider to file a request for hearing [*nunc pro tunc*] under the common law standard applicable in analogous cases in courts of original jurisdiction." 55 Pa. Code § 41.33(a). We have summarized the *nunc pro tunc* standard as follows:

> An appeal *nunc pro tunc* is only warranted . . . in extraordinary circumstances involving fraud or some breakdown in the court's operation, or where the delay is caused by non-negligent circumstances either by the claimant or a third party. [Administrative breakdown occurs] when an administrative body acts negligently, improperly or in a misleading way. Where non-negligent circumstances cause the untimeliness of an appeal, the appeal must be filed within a short period of time after learning of the untimeliness. It is well[]settled that the burden of demonstrating the necessity of *nunc pro tunc* relief is on the party seeking to file the appeal, and the burden is a heavy one.

*Harris v. Unemployment Compensation Board of Review*, 247 A.3d 1223, 1229-30 (Pa. Cmwlth. 2021) (internal citations and quotations omitted).[10]

Regarding Angels of Care's request to appeal *nunc pro tunc*, the ALJ stated as follows:

> [Angels of Care] did not argue that [its] untimely appeal resulted from extraordinary circumstances involving fraud or

---

[10] Additionally, "[a] person seeking permission to file an appeal *nunc pro tunc* has the burden of establishing (1) he filed the appeal within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed period of time is of short duration; and (3) the respondent is not prejudiced by the delay." *R.H. v. Department of Human Services*, 205 A.3d 410, 414 (Pa. Cmwlth. 2019).

12

non-negligent circumstances. [Angels of Care] argued that extraordinary circumstances involving a breakdown in the administrative process occurred based on [Angels of Care's] non-receipt of BPI's April 15, 2021[] Final Review Findings[,] October 22, 2021[] Termination of Medical Assistance Provider Agreement[,] and December 20, 2021[,] Notice of Sanctions. As stated above, the [ALJ] finds that BPI properly mailed [Angels of Care] these notices. As a result, the [ALJ] finds that BPI did not act negligently, improperly[,] or in a misleading way in notifying [Angels of Care] of the agency actions. Here, the [ALJ] finds that [Angels of Care] simply failed to appeal . . . , thereby[] creating a jurisdictional defect that prohibits [Angels of Care]'s appeal from proceeding to a hearing. Given the fact that [Angels of Care] failed to establish the threshold necessary to proceed to a hearing *nunc pro tunc*, the remaining prongs of the *nunc pro tunc* analysis are not addressed in this adjudication.

(Adjudication, at 18.)

We begin with the Department's waiver arguments because we find them to be dispositive. We first agree with the Department that, although Angels of Care argued before BHA that an administrative breakdown within BPI justified *nunc pro tunc* relief, it has not advanced or briefed that argument in this Court. Accordingly, it is waived.[11]

Second, Angels of Care did not argue before BHA that *nunc pro tunc* relief was warranted due to its own or a third-party's non-negligent circumstances. Rather, the ALJ's Adjudication and our own meticulous review of the record indicate that Angels of Care argued before BHA only that an administrative breakdown caused by BPI's negligence and potentially misleading communications caused the untimely filing of its appeal, rendering *nunc pro tunc* relief appropriate. (R.R. at 85a-86a, 178a,

---

[11] Even if it was not waived, we would affirm the ALJ's determination that no administrative breakdown occurred within BPI that would justify *nunc pro tunc* relief.

13

316a, 320a-21a.) "Our case law is unwavering that when a party fails to raise an issue, even one of a constitutional dimension, in an agency proceeding, the issue is waived and cannot be considered for the first time in a judicial appeal." *R.J.W. v. Department of Human Services*, 139 A.3d 270, 292 (Pa. Cmwlth. 2016) (quoting *K.J. v. Department of Public Welfare*, 767 A.2d 609, 612 (Pa. Cmwlth. 2001)). *See also* Pa.R.A.P. 1551(a) (with certain exceptions not pertinent here, "[o]nly questions raised before the government unit shall be heard or considered"). Because Angels of Care did not raise non-negligent circumstances before BHA, the ALJ did not make any associated findings or conclusions or perform any analysis on the issue. We therefore agree with the Department that it is waived in this Court.

## IV.  CONCLUSION

Because all of Angels of Care's issues on appeal are either waived or without merit, we conclude that the Department did not err or abuse its discretion in denying *nunc pro tunc* relief and dismissing Angels of Care's appeal as untimely. We accordingly affirm the Department's March 31, 2023 order.

_____
PATRICIA A. McCULLOUGH, Judge

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angels of Care by TLM, LLC,       :
            Petitioner        :
                               :
      v.                     :   No.  390 C.D. 2023
                               :
Department of Human Services,    :
           Respondent     :

## *ORDER*

AND NOW, this 28th day of August, 2024, the March 31, 2023 order of the Department of Human Services is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge