IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samantha Finger,                                :
                    Petitioner                  :
                                                :
            v.                                  :    No. 1801 C.D. 2024
                                                :    Submitted: March 3, 2026
Unemployment Compensation                       :
Board of Review,                                :
                    Respondent                  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED: April 23, 2026


        Samantha Finger (Claimant), pro se, petitions for review of an Order of the
Unemployment Compensation Board of Review (Board), which affirmed a decision
by a Referee and concluded Claimant was not eligible for benefits pursuant to
Section 402(b) of the Unemployment Compensation Law (UC Law).[1]  Claimant
argues she had a necessitous and compelling reason for voluntarily quitting her
employment.  Upon careful review of the record and based upon the Board's
findings, by which we are bound, we affirm the Board's Order.

        Claimant worked part time as a registered behavior technician for Therapy
Staffing Services LLC (Employer) from August 21, 2023, until May 17, 2024, when

<hr>

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§ 802(b).

Claimant quit her employment. (Referee's Decision Findings of Fact (FOF) ¶¶ 2-3.) Shortly thereafter, Claimant filed an application for unemployment compensation (UC) benefits, indicating she quit because she received a better paying job offer. (Certified Record (C.R.) at 28.) A UC Service Center issued a determination finding Claimant was eligible because she "had a definite job offer from the new employer prior to quitting." (*Id.* at 31.) Employer appealed the determination, and a telephone hearing was scheduled before a Referee.

On August 8, 2024, approximately one week before the scheduled telephone hearing, Claimant emailed the Referee's Office, stating she "will not be able to attend the hearing as [she] will be on vacation. If you proceed to have the hearing without me, that is fine. Please let me know what you decide." (*Id.* at 111.) To that email, she attached a copy of her resignation letter to Employer and a copy of a purported offer letter from Claimant's new employer. (*Id.* at 112, 118-23.) The Referee's Office responded via email and asked whether Claimant was requesting a continuance and advising that "[t]he hearing will go on with or without [Claimant] unless [she] send[s] the [Referee's Office], via email, a written request to reschedule the hearing." (*Id.* at 114.) The email further stated, "The Referee needs more information other than [']You will not be able to attend the hearing as you will be on vacation['] as your hearing is scheduled by phone. Why are you unable to take the call on that day?" (*Id.*) Claimant replied, "If I do not need to be there and I have sent is enough [sic] then no I do not want a continuance." (*Id.* at 116.)

The telephone hearing proceeded as originally scheduled and, at the start of the hearing, the Referee attempted twice to reach Claimant by telephone. The first time, the Referee reached Claimant's voicemail and left a message. The second

2

time, a few minutes later, the Referee reached Claimant and the following exchange took place:

R[eferee:]     Good morning. . . .  I'm calling for the . . .

C[laimant:]    Yeah.

R[eferee:]     Yes?

C[laimant:]    I actually e-mailed.  I'm in Disney World right now. I actually e-mailed and said that -- I'm at Disney right now, so I actually e-mailed and told you guys I would not be able to make it and that it was fine if you proceeded without me.  I actually e-mailed two files over too in case they were helpful for you, but they said it was fine.

R[eferee:]     Well, okay.  No, so -- so you received the Notice of Hearing.  You just decided you're not going to participate in the hearing?

C[laimant:]    Yeah.

R[eferee:]     All right.  All right.  Thank you.

C[laimant:]    Thank you.  Bye-bye.

(*Id.* at 132.)

The hearing then proceeded with Employer's witness, Employer's Human Resources Generalist, who indicated Claimant resigned allegedly to pursue other employment. (*Id.* at 141-42.)

Following the hearing, the Referee issued a decision reversing the UC Service Center's determination and disqualifying Claimant from receiving benefits until she could purge the disqualification.  The Referee stated that "[a]lthough duly notified of the date, time and place of the [UC] hearing, [] [C]laimant failed to participate in

the hearing long enough to present testimony and evidence on the issues under appeal." (*Id.* at 153.) The Referee explained a claimant bears the burden in voluntary quit cases of showing the claimant had a necessitous and compelling reason for quitting. (*Id.*) The Referee further explained that while a firm offer for other employment constitutes a necessitous and compelling reason to quit, if that firm offer is rescinded, a claimant is disqualified from receiving UC benefits if the claimant knew or should have known of the unavailability of the new position and did not attempt to rescind the resignation before its effective date. (*Id.*) The Referee concluded Claimant did not meet her burden of establishing a necessitous and compelling reason to quit. (*Id.* at 154.)

Claimant filed an appeal to the Board. (*Id.* at 177.) In her appeal, Claimant stated she emailed the Referee's Office to advise she would be unavailable for the hearing and submitted two documents showing she resigned based on a new job offer. (*Id.*)

The Board affirmed the Referee's decision and adopted and incorporated the Referee's findings and conclusions. (*Id.* at 179.) The Board determined Claimant did not satisfy her burden of showing she had a necessitous and compelling reason to voluntarily leave her employment. (*Id.*) It further stated that when Claimant was asked whether she wanted the Referee's hearing continued due to her vacation, Claimant responded that she did not. (*Id.*) In addition, the Board stated that Claimant was called on the day of the hearing and indicated that she did not choose to participate. (*Id.*)

4

Claimant petitioned this Court for review of the Board's Order.[2] Claimant argues she was offered new employment, which is the reason she separated from Employer. After resigning from her position with Employer, Claimant started working for a new employer, but her hours were reduced when her clients went on vacation, which led Claimant to file her application for UC benefits. Claimant admits she did not attend the hearing before the Referee but asserts that she advised the Referee's office that she could not attend and was told a continuance was not necessary.[3]

The Board responds that Claimant did not sufficiently raise the issue of her nonappearance at the hearing to either the Board or in her brief to this Court; thus, that issue is waived. Moreover, because Claimant did not appear at the hearing, the Board asserts there is no corroborating evidence for the job offer letter, which is hearsay. Also, because Claimant did not appear at the hearing, the Board argues Claimant did not satisfy her burden of showing she had a necessitous and compelling reason for voluntarily quitting. In addition, the Board maintains that Claimant makes

---

[2] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014). Substantial evidence is "relevant evidence upon which a reasonable mind could base a conclusion." *Henderson v. Unemployment Comp. Bd. of Rev.*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013). In addition, "[i]n determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence." *Id.* Moreover, "[i]t is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made." *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Rev.*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

[3] Attached to Claimant's brief are numerous documents that are not part of the Certified Record. Upon application by the Board, the Court struck that extra-record evidence by Memorandum and Order dated July 3, 2025.

5

arguments, alleges facts, and relies upon evidence, none of which is part of the record, and therefore, should not be considered. It asks the Court to affirm the Order.

As a preliminary matter, we address the Board's waiver arguments. Issues not raised before a referee or the Board cannot be raised for the first time before this Court and are considered waived. *Chapman v. Unemployment Comp. Bd. of Rev.*, 20 A.3d 603, 611 (Pa. Cmwlth. 2011). *See also* Section 703(a) of the Administrative Agency Law, 2 Pa.C.S. § 703(a) ("[A] party may not raise upon appeal any other question not raised before the agency . . . ."); Rule 1551(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1551(a) ("Only questions raised before the government unit shall be heard or considered," with limited exceptions not applicable here.). In addition, arguments not developed in a brief are deemed waived. *Yannone v. Town of Bloomsburg Code Appeal Bd.*, 218 A.3d 1002, 1009 (Pa. Cmwlth. 2019). We cannot say Claimant did not raise the issue of her nonattendance at the hearing, particularly given the Board, in its Order, addressed that same issue. (C.R. at 179.) Similarly, while not addressed at length, Claimant does raise the issue of her nonattendance at the hearing in her brief. (Claimant's Br. at 12.) Thus, we decline to find the issue waived.

Rather, the larger issue for Claimant is that she did not request a continuance or follow the proper procedure for requesting the hearing to be reopened. Even if her appeal to the Board could be construed as a request to reopen the hearing, Claimant did not show proper cause for doing so. The Board's regulations set forth the procedure for reopening a hearing. The regulation provides, in pertinent part:

> (a) If a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute "proper cause," the case shall be reopened. Requests for reopening, whether made to the referee

6

or Board, shall be in writing; shall give the reasons believed to constitute "proper cause" for not appearing; and they shall be delivered or mailed--preferably to the tribunal at the address shown on the notice of hearing or to the . . . Board . . . , or to the local employment office where the appeal was filed.

. . . .

(c) A request for reopening the hearing which is not received before the decision was issued, but is received or postmarked on or before the 21st day after the decision of the referee was issued to the parties, shall constitute a request for further appeal to the Board and a reopening of the hearing, and the Board will rule upon the request. If the request for reopening is allowed, the case will be remanded and a new hearing scheduled, with written notice thereof to each of the parties. At a reopened hearing, the opposing party shall be given the opportunity to object to the reopening if he so desires. If the request to have the hearing reopened is denied, the Board will append to the record the request, supporting material and the ruling on the request, so that it shall be subject to review in connection with any further appeal to the Commonwealth Court.

34 Pa. Code § 101.24(a), (c).

The Supreme Court has held that reopening of the hearing is permissible only if the moving party sets forth proper cause for missing the original one. *McNeill v. Unemployment Comp. Bd. of Rev.*, 511 A.2d 167, 169 (Pa. 1986). An example of proper cause for not attending a hearing is not receiving the hearing notice. *Pinnacle Health Hosps. v. Unemployment Comp. Bd. of Rev.*, 210 A.3d 1127, 1130 (Pa. Cmwlth. 2019). We have also found proper cause when a claimant misses a hearing because, on the way to the hearing, another passenger of public transportation suffered a medical emergency, which caused a delay waiting for emergency services. *Effluent Retrieval Servs., Inc. v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth.,

7

No. 95 C.D. 2017, filed Jan. 5, 2018).[4]  A party's negligence, though, is not proper cause for not appearing. *Eat'N Park Hospitality Grp., Inc. v. Unemployment Comp. Bd. of Rev.*, 970 A.2d 492, 494 (Pa. Cmwlth. 2008).

Here, it is undisputed that Claimant received the hearing notice and there is no suggestion that Claimant experienced transportation issues.  Rather, the reason Claimant provided for not attending the hearing was she was on vacation at Disney.  To her credit, Claimant reached out to the Referee's Office prior to the hearing to advise she would be on vacation, but despite being given instructions on how to request a continuance, did not do so.  (C.R. at 111-12, 114, 116.)  The Referee went even further at the hearing and twice tried calling Claimant.  After being unsuccessful in the first attempt, the Referee adjourned the hearing for several minutes before reconvening and attempting to call Claimant a second time.  This time, the Referee spoke to Claimant who indicated she previously emailed and that she would not be participating.  (*Id.* at 132.)

In her briefs, Claimant suggests she was misled by the Referee's Office.  Claimant indicates she assumed the documents that she submitted were sufficient since the Referee's Office did not respond to her.  (Claimant's Reply Br. at 9.)  We cannot conclude this was a reasonable assumption, particularly after the Referee's Office stated it needed more information about Claimant's unavailability and gave specific instructions on how to request a continuance, and after the Referee contacted Claimant at the time of the scheduled hearing, when Claimant still declined to participate.  (C.R. at 114, 132.)  At a minimum, when the Referee's Office did not respond to her question about the documents she submitted, she should have inquired

---

[4] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

8

further. While we recognize that for someone not trained in the law, it is intimidating to navigate appeals, it is well settled that a "lay person who chooses to represent [her]self in a legal proceeding must assume the risk that [her] lack of expertise and legal training may prove to be [her] undoing." *Daly v. Unemployment Comp. Bd. of Rev.*, 631 A.2d 720, 722 (Pa. Cmwlth. 1993). This does not equate to an error by the Board. *Egreczky v. Unemployment Comp. Bd. of Rev.*, 183 A.3d 1102, 1108 (Pa. Cmwlth. 2017). *See also Naborn v. Unemployment Comp. Bd. of Rev.*, 246 A.3d 373, 380 (Pa. Cmwlth. 2021) ("[A] [c]laimant's ignorance of the UC claim process and/or negligence is not a basis upon which this Court may reverse the [Board's] decision.") Here, the Referee's Office and Referee made numerous attempts to ascertain whether Claimant wanted a continuance and/or wanted to participate in the hearing. We cannot conclude the Referee's and/or Board's actions, including making a decision without Claimant's participation at a hearing for which she received notice and had an opportunity to request a continuance, was legal error or an abuse of discretion.

As to the merits of Claimant's appeal, under Section 402(b) of the UC Law, "[w]here a claimant has voluntarily quit employment, in order to obtain benefits, [the claimant] must show that [the claimant] left her employment for necessitous and compelling reasons." *Collier Stone Co. v. Unemployment Comp. Bd. of Rev.*, 876 A.2d 481, 484 (Pa. Cmwlth. 2005). Here, it is undisputed that Claimant voluntarily left her employment. Therefore, the burden is on Claimant to show that she had a necessitous and compelling reason to do so. *Latzy v. Unemployment Comp. Bd. of Rev.*, 487 A.2d 121, 123 (Pa. Cmwlth. 1985). To satisfy this burden, Claimant must demonstrate "that: (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a

9

reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment." *Brunswick Hotel & Conf. Ctr., LLC v. Unemployment Comp. Bd. of Rev.*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). "Whether a claimant has necessitous and compelling reasons for terminating [their] employment is a question of law subject to [] review" by this Court. *Wise v. Unemployment Comp. Bd. of Rev.*, 111 A.3d 1256, 1261 (Pa. Cmwlth. 2015).

Because Claimant did not appear at the hearing, there was no competent evidence of record to establish she had a necessitous and compelling reason for terminating her employment. As we recently explained:

> The receipt and acceptance of a firm offer of employment constitutes cause of a necessitous and compelling nature. A firm offer of employment is one that contains the specific conditions of employment, such as wages, hours, duties, and a starting date. The offer of employment, however, must be definite, and the claimant must act prudently with regard to his employer. Although the receipt and acceptance of a firm offer of employment does constitute termination for cause of a necessitous and compelling nature[, t]he mere possibility of obtaining another job is insufficient to establish that employment was terminated for good cause. In determining whether a claimant had a firm offer of work justifying a voluntary quit, the operative date is the date the claimant resigns and not the claimant's last day of work.

*Scheib v. Unemployment Comp. Bd. of Rev.*, 329 A.3d 827, 831-32 (Pa. Cmwlth. 2025) (internal quotation marks and citations omitted) (alternation in original).

In the instant matter, the purported offer letter is uncorroborated hearsay,[5] which alone cannot support a finding of fact. *Pierce-Boyce v. Unemployment Comp.*

---

[5] Hearsay is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers into evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c).

10

*Bd. of Rev.*, 289 A.3d 130, 137 (Pa. Cmwlth. 2022).[6] Employer's witness testified Claimant told Employer she had a job offer but the witness had no personal knowledge of that offer, which could be used to confirm it was a firm offer. With no other evidence that Claimant resigned to accept a firm offer with a new employer, we must affirm the Board's conclusion that Claimant did not satisfy her burden of establishing a necessitous and compelling reason for quitting her employment.

_____
RENÉE COHN JUBELIRER, President Judge

---

[6] Even if the purported offer letter could be considered, it does not contain a start date and the letter expressly provides that the "offer is contingent upon [the new employer's] receipt of all hiring documents and satisfactory completion of required clearances, background checks and reference checks." (C.R. at 121.) We have held that the existence of similar "contingencies" renders an offer not firm. *Scheib*, 329 A.3d at 833.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samantha Finger,                          :
                Petitioner      :
                            :
           v.              :    No. 1801 C.D. 2024
                            :
Unemployment Compensation                 :
Board of Review,                          :
                Respondent      :

# **O R D E R**

    **NOW**, April 23, 2026, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is **AFFIRMED**.

                                _____

                                RENÉE COHN JUBELIRER, President Judge